FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 09 2009

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



| | |
|---|---|
| DANIEL M. MILLER | |
| Plaintiff, | Civil Action No. 1:09-CV-2810 -RLV |
| v. | COMPLAINT FOR COPYRIGHT INFRINGEMENT |
| FACEBOOK, INC.; and YAO WEI YEO | DEMAND FOR JURY TRIAL |
| Defendants. | |

## COMPLAINT

Plaintiff Daniel M. Miller ("Plaintiff"), for its complaint against Defendants Facebook, Inc. ("Facebook") and Yao Wei Yeo ("Yeo", collectively with Facebook as "Defendants"), hereby demands a jury trial and alleges as follows:

### THE PARTIES

1. Plaintiff Daniel M. Miller, is an individual residing at 2079 Kinsmon Drive, Marietta, Georgia 30062.

2. Upon information and belief, Defendant Facebook, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 1601 S. California Avenue, Palo Alto, CA 94304.

3. Upon information and belief, Defendant Yao is an individual with unknown address that was not ascertainable after reasonable diligence.

## JURISDICTION AND VENUE

4. This action arises under the Laws of the United States, 17 U.S.C. § 1 et seq., including 17 U.S.C. §§ 501 and 15 U.S.C. § 1 et seq. including 15 U.S.C. §§ 1125(a).

5. This action also arises under the Laws of Georgia, §10-1-370 to 407.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1367 and 1338(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(b) and (c).

8. Upon information and belief, Defendant Facebook is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in this State, including in this judicial district, through agents and representatives and/or otherwise having substantial contacts with this State and this judicial district.

9. Upon information and belief Defendant Yeo is subject to personal jurisdiction in this district by virtue of, among other things, committing acts of

infringement in this State, including in this judicial district, as well as trying to specifically hide evidence of his infringement from specific residents of Georgia.

## FACTUAL BACKGROUND

10. In early 2007, Plaintiff authored the video game *Boomshine*.

11. *Boomshine* is a game played on the Internet using Adobe Flash ™ technology where players click on a floating circle that causes the clicked circle to expand and causes other contacted floating circles to likewise expand in a chain reaction.

12. *Boomshine* was published by Plaintiff on the Internet on the website K2xl.com starting on March 9, 2007.

13. Plaintiff has filed a registration for a copyright in *Boomshine* with the United States Copyright Office.

14. Defendant Yeo does business as Zwigglers Apps on the websites www.facebook.com/zwigglers and www.zwigglers.com.

15. At least as early as April, 2009, Defendant Yeo published the game *ChainRxn* on a website hosted by Defendant Facebook.

16. *ChainRxn* is a game played on the Internet using Adobe Flash™ technology where players click on a floating circle that causes the clicked circle to

expand and causes other contacted floating circles to likewise expand in a chain reaction.

17. *ChainRxn* copies the look and feel of *Boomshine* by incorporating almost every visual element of the game.

18. After Defendant Yeo published *ChainRxn* on Defendant Facebook's website, members of the public were deceived regarding the origin of *ChainRxn*.

19. Defendant Facebook provides advertisements on the webpage that hosts the *ChainRxn* game.

20. On May 7, 2009, Plaintiff sent a letter to Defendant Facebook (attached hereto as Exhibit A) demanding that Facebook remove *ChainRxn* from its website because it violates Plaintiff's copyrighted *Boomshine*.

21. On May 11, 2009, Plaintiff sent a letter to Defendant Yeo (attached hereto as Exhibit B) demanding that Defendant Yeo remove *ChainRxn* from the Facebook website because *ChainRxn* violates Plaintiff's copyrighted *Boomshine*.

22. Upon information and belief, after Defendant Yeo received the letter from Plaintiff demanding that he remove *ChainRxn* from the Facebook website, Defendant Yeo modified *ChainRxn* to prevent Plaintiff or anyone listing Plaintiff as his "friend" on the Facebook website from accessing or viewing *ChainRxn*.

23. Despite the demands by Plaintiff that Defendants remove *ChainRxn* from the Facebook website, they have refused to do so.

## COUNT ONE

### Copyright Infringement of the by Defendants

24. Plaintiff repeats and incorporates here in the entirety of the allegations contained in paragraphs 1 though 22 above.

25. Without authorization, Defendant Facebook reproduced and distributed the program *ChainRxn*, which infringes the copyright of the following Plaintiff owned and copyrighted work by copying its look and feel: *Boomshine*, U.S. Copyright Registration pending.

26. Without authorization, Defendant Yeo reproduced and distributed the program *ChainRxn*, which infringes the copyright of the following Plaintiff owned and copyrighted work by copying its look and feel: *Boomshine*, U.S. Copyright Registration pending.

27. Plaintiff did not authorize Defendants' copying, display or distribution of infringing copies of his work.

28. Defendants knew that *ChainRxn* infringed Plaintiff's *Boomshine* copyright and that they did not have permission to exploit Plaintiff's works.

29. Defendants knew that their acts constituted copyright infringement.

30. Defendants' conduct was willful within the meaning of the Copyright Act.

31. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to his business reputation and goodwill.

32. Plaintiff is entitled to recover damages, which include his losses and any and all profits Defendants have made as a result of their wrongful conduct.

## COUNT TWO

### Violation of the Lanham Act by the Defendants

33. Plaintiff repeats and incorporates here in the entirety of the allegations contained in paragraphs 1 though 31 above.

34. The acts and conduct of Defendants, as set forth hereinabove, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of ChainRxn by Plaintiff.

35. Plaintiff did not authorize Defendants' copying, display or distribution of ChainRxn.

36. The acts and conduct of the Defendants, as set forth hereinabove, violate the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

37. As a direct and proximate result of Defendants' violations of the Lanham Act, Plaintiff has been irreparable damaged and will continue to be damaged in the future if said acts are allowed to continue.

38. Plaintiff is likely to be damaged by the actions of Defendants and is entitled to injunctive relief based upon the principles of equity and the provisions of 15 U.S.C. §1116 and on terms that the court considers reasonable. Further, Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. §1117(a).

## COUNT THREE

**Violation of the Georgia Uniform Deceptive Trade Practices Act by the Defendants**

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 38 of the complaint as if set forth in full herein.

40. The aforesaid acts and conduct of Defendants constitute, and unless enjoined will continue to constitute, unfair competition and unfair trade practices against Plaintiff in violation of the Georgia Uniform Deceptive Trade Practices Act, O.C.G. §§ 10-1-370 *et seq.*

41. Plaintiff has suffered damages as a result of Defendants' unlawful acts and, unless Defendant is restrained and enjoined, will continue to suffer immediate and irreparable harm and Plaintiff is without an adequate remedy at law.

**WHEREFORE,** Plaintiff prays for a judgment against Defendants on all counts as follows:

    A. That this Court enter permanent injunctive relief enjoining and retraining Defendant Facebook, its officers, directors, employees, agents, licensees, servants, successors, and assigns, and any and all persons in active concert or participation with any of them, from the manufacture, publication, display, distribution, advertising of, sale, or offer for sale of *ChainRxn* and any other work which infringes Plaintiff's copyrights in *Boomshine*;

    B. That this Court enter permanent injunctive relief enjoining and retraining Defendant Yeo, his agents, licensees, servants, successors, and assigns, and any and all persons in active concert or participation with any of them, from the manufacture, publication, display, distribution, advertising of, sale, or offer for sale of *ChainRxn* and any other work which infringes Plaintiff's copyrights in *Boomshine*;

C. That this Court enter an order adjudging that Defendants have willfully infringed upon Plaintiff's copyrights in and to *Boomshine*;

D. That this Court enter an order adjudging that Defendants' activities have violated Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

E. That this Court enter an order adjudging that Defendants' activities have violated Georgia's Uniform and Deceptive Trade Practices Act, O.C.G. §10-1-370, *et seq.*;

F. That this Court require Defendants to disgorge and to account to Plaintiff for any and all profits derived by Defendants from the manufacture, production, publication, distribution, advertisement, sale, transfer or other exploitation of the game *ChainRxn*;

G. That this Court award Plaintiff damages against Defendants in an amount to be determined at Trial;

H. That this Court award treble damages pursuant to 15 U.S.C. §1117(a);

I. That Plaintiff be awarded his reasonable attorneys fees and costs under the Lanham Act against Defendant;

J. That this Court grants such other and further relief as it shall deem just and proper, including interest and the costs and disbursements of this action.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Dated: October 9, 2009                    Respectfully submitted,


                                          s/ Douglas L. Bridges
                                          Douglas L. Bridges (080889)
                                          dbridges@hgdlawfirm.com
                                          **HENINGER GARRISON DAVIS**
                                          1 Glenlake Parkway,
                                          Suite 700
                                          Atlanta, Georgia 30328
                                          Tel:   678-638-6308
                                          Fax:   678-638-6201

                                          s| Brian Hancock
                                          Brian D. Hancock
                                          AL Bar No. : ASB -0874-B695H
                                          TN Bar No.: 022827
                                          bdhancock@hgdlawfirm.com
                                          **HENINGER GARRISON DAVIS**
                                          2224 - 1st Avenue North
                                          Birmingham, AL 35203
                                          Tel: 205-326-3336
                                          Fax: 205-326-3332
                                          Attorneys for Plaintiff