```
1   FLEMING & PHILLIPS LLP
    ROBERT D. PHILLIPS, JR. (SBN 82639)
2   CHAD D. BERNARD (SBN 194162)
    1340 Treat Boulevard, Suite 630
3   Walnut Creek, CA  94597-7581
    Telephone: (925) 296-2600
4   Facsimile:  (925) 296-2626

5   Attorneys for Plaintiff
    Jackson National Life Insurance Company
6
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| JACKSON NATIONAL LIFE INSURANCE COMPANY, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF RE RESCISSION-MISREPRESENTATION, RESCISSION-CONCEALMENT AND NO CONTRACT FORMATION** |
| v. | |
| STEPHEN R. WARD, | |
| Defendant. | |
| _____/ | |

Plaintiff Jackson National Life Insurance Company ("Jackson National") seeks a declaratory judgment from the Court pursuant to 28 U.S.C. §2201(a), and in support thereof alleges as follows:

## **JURISDICTION**

1. Jackson National is a Michigan corporation with its principal place of business in Lansing, Michigan.

2. Defendant Stephen Ward is a citizen of the State of California and a resident of Contra Costa County, California.

3. This Court has jurisdiction pursuant to 28 U.S.C. §1332 based upon the diversity of the parties' citizenship and because the amount in controversy exceeds

---

**COMPLAINT FOR DECLARATORY RELIEF RE RESCISSION-MISREPRESENTATION, RESCISSION-CONCEALMENT AND NO CONTRACT FORMATION**

$75,000, exclusive of interest and costs.

**INTRADISTRICT ASSIGNMENT**

4.  Venue is proper in this District pursuant to 28 U.S.C. §1391 in that Defendant Stephen Ward resides in this District.

**FACTUAL BACKGROUND**

5.  On or about August 27, 2002, Jackson National received an application for a ten-year term life insurance policy on the life of Lois F. Ward in the amount of $1 million, bearing the purported signature of Lois Ward and indicating that the application was executed on August 19, 2002. A true and correct copy of the Application is attached hereto as Exhibit A.

6.  Defendant Stephen Ward, the husband of Lois Ward, was named as the beneficiary on the Application.

7.  On the Application, under 5. Life Insurance History, is the question: "Do you have any life insurance in force?" The response on the Application was checked "No." The Application further asked: "Do you have an application pending with another company?" The response was checked "Yes," and the Amount indicated was "$2 Mill[ion]."

8.  During the underwriting process, Jackson National's underwriters determined that under Jackson National's guidelines, Lois Ward's life was insurable for a total of $2 million life insurance coverage, but not $3 million.

9.  In response to Jackson National's inquiry about the other pending $2 million in insurance indicated on the application, the Wards, through their agent, informed Jackson National that there were two other applications to two other companies for $1 million each, and that the Wards were only going to accept the two best offers on the three policies, as they were seeking a total of $2 million of insurance on the life of Lois Ward.

10. In reliance upon the representations made in the Application and the representations made by the Wards through their agent, Jackson National issued a

Reward Xtra 10 term life insurance policy, with Policy number 0071117060 and face amount of $1,000,000 on the life of Lois Ward (Policy No. 1), on September 6, 2002. The policy was delivered on September 20, 2002.

11. On September 20, 2002, the Wards, through their agent, requested that Jackson National increase the coverage amount on Policy No. 1 from $1,000,000 to $2,000,000. The Wards, through their agent, represented that, if approved, they would cancel the $1,000,000 application pending with another company, resulting a total of $2,000,000. The Wards subsequently requested that the increase be issued as a separate policy.

12. In reliance upon the representations made in the original Application, and the further representations that the total amount of insurance that the Wards would accept on Lois Ward's life was $2,000,000, Jackson National issued an additional Reward Xtra 10 term life insurance policy, with Policy number 0071145660 and face amount of $1,000,000 (Policy No. 2), on October 1, 2002. As a result, the Wards obtained a total of $2,000,000 in insurance on the life of Lois Ward from Jackson National.

13. On December 12, 2002, Lois Ward died of asphyxiation from drowning allegedly as a result of an auto accident that occurred in Glenn County, California.

14. On December 27, 2002 Defendant Stephen Ward sent Jackson National a certified copy of Lois Ward's death certificate, and as the beneficiary of both Policy No. 1 and Policy No. 2, requested payment of the $2,000,000 death proceeds.

15. Subsequent to its receipt of Defendant Stephen Ward's claim, Jackson National began a routine investigation to confirm that benefits were payable under the Policies, since the Policies were still within the two-year "contestable period." While that investigation is continuing, and Jackson National may discover other grounds to contest the validity of the Policies, the facts discovered to date indicate that no benefits are payable. Accordingly, an actual controversy exists between the parties regarding their rights and obligations under two policies of life insurance issued by Jackson National on

which Defendant Stephen Ward is the designated beneficiary, warranting declaratory relief as more fully set forth below.

**FIRST CLAIM FOR DECLARATORY RELIEF**
**(Declaratory Relief Re Rescission - Material Misrepresentation)**

16. Jackson National incorporates each paragraph set forth above as though set forth in full.

17. Above her signature on the Application, Lois Ward represented that all information in the Application was "true, complete and correctly recorded." She further acknowledged that the Company would rely on the information in the application to determine whether and on what terms to issue a policy, and that if any of the information was "false, incomplete or incorrectly recorded, the policy may be void."

18. During its routine investigation of the claim, Jackson National has discovered that, contrary to the representation made on the Application that Lois Ward had no life insurance in force, on August 19, 2002 Lois Ward's life was already insured in the amount of $2,900,000 through three different life insurance companies:

- American Republic policy in the amount of $400,000 issued in approximately 1993;
- Northwestern Mutual policy in the amount of $500,000 issued in approximately 1995; and
- Transamerica policy in the amount of $2,000,000 issued on August 17, 2002.

19. Accordingly, the representations contained in the Application, on which Jackson National relied in issuing Policy No. 1 and Policy No. 2 were false, incomplete and untrue.

20. The misrepresentations contained in the Application were material. Jackson National would not have issued either Policy No. 1 or Policy No. 2 if it had known that Lois Ward's life was already insured for $2,900,000, since the total amount of insurance as a result was $4,900,000, more than twice the amount for which she

1 qualified.

21. Moreover, contrary to representations made by the Wards through their agent at the time Jackson National approved Policy No. 2, the Wards subsequently accepted a policy issued by West Coast Life Insurance Co. on October 3, 2002 in the face amount of $1,000,000. Consequently, at the time of Lois Ward's death, there was $5,900,000 of life insurance in force on her life.

22. By virtue of the material misrepresentations in the Application and subsequent thereto, Jackson National is entitled to rescind the Policies pursuant to Cal. Ins. Code §359 and common law.

23. Jackson National, therefore, seeks a declaratory judgment that Jackson National may rescind Policy No. 1 and Policy No. 2 upon tender of the return of all premiums paid, and a declaration that, upon rescission, no benefits under the Policies are due and payable to Defendant Stephen Ward.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Relief Re Rescission - Concealment)**

24. Jackson National incorporates each paragraph set forth above as though set forth in full.

25. The Wards had a duty to communicate to Jackson National all facts within their knowledge that they knew or believed to be material, i.e., information likely to affect Jackson National's decision on the Application.

26. Information regarding the amount of insurance in force on the life of Lois Ward was expressly requested on the Application, and was thus known to the Wards to be material to Jackson National's decision.

27. The Wards concealed from Jackson National that, prior to the issuance of the Policies, Lois Ward had $2.9 million of insurance in force on her life. The Wards continued to conceal this information subsequent to the issuance of the Policies, including that they had accepted an additional $1 million policy from West Coast Life.

28. Even after the death of Lois Ward, Stephen Ward disclosed to Jackson

National only the policies issued by American Republic and Northwestern Mutual totaling $900,000; he did not disclose in either his written claim or his oral statement to Jackson National's investigator the policies issued by Transamerica and West Coast Life Insurance totaling $3,000,000.

29. Jackson National had no knowledge of the amount of insurance in force on Lois Ward, other than the $2 million issued by Jackson National, until its independent investigation of Defendant Stephen Ward's claims under the Policies.

30. By virtue of the concealment of material information in the Application and subsequent thereto, Jackson National is entitled to rescind the Policies pursuant to Cal. Ins. Code §331 and common law.

31. Jackson National, therefore, seeks a declaratory judgment that Jackson National may rescind Policy No. 1 and Policy No. 2 upon tender of the return of all premiums paid, and a declaration that, upon rescission, no benefits under the Policies are due and payable to Defendant Stephen Ward.

**THIRD CLAIM FOR RELIEF**
**(Declaratory Relief - No Contract Formation)**

32. Jackson National incorporates each paragraph set forth above as though set forth in full.

33. The Application expressly provides that coverage under the policy "will not take effect until the Issue Date, and then only if all of the information provided in the application and all additions to the application continues to be true and complete as of the Issue Date."

34. Also above Lois Ward's signature on the Application is the following statement: "I understand that if any of the information provided in the application, or any additions to the application, changes prior to coverage becoming effective as set forth above, I must inform the Company in writing, and no coverage will be in effect until the Company determines whether to provide coverage and on what terms."

35. The Issue Date of Policy No. 1 was September 6, 2002; the Issue Date of

Policy No. 2 was October 1, 2002. Prior to the Issue Dates of Policy No.1 and Policy No. 2, Lois Ward had a total of $2,900,000 of insurance in force on her life. This constituted a change in the information provided on the Application, so that the information in the Application was no longer true and complete as of the Issue Dates.

36. Despite their obligation to notify Jackson National in the event that the information on the Application had changed and was no longer true and complete, the Wards never gave Jackson National such notification prior to the issuance of either Policy No. 1 or Policy No. 2.

37. The information about the amount of insurance in force on Lois Ward's life was material to the risks undertaken by Jackson National, was required by contract to be communicated, and should have been communicated to Jackson National.

38. Because the information on the Application was not true and complete as of the Issue Date of either Policy No. 1 or Policy No. 2, there was a failure of a condition precedent to coverage becoming effective pursuant to the terms of the Policies.

39. Jackson National, therefore, seeks a declaratory judgment that Policy No. 1 and Policy No. 2 are null and void, and that other than the return of all premiums paid, no benefits under the Policies are due and payable to Defendant Stephen Ward.

WHEREFORE, Jackson National prays for judgment as follows:

1. For a judicial declaration that, upon tender to Defendant of all premiums paid, Jackson National may rescind Policy No. 1 and Policy No. 2 due to misrepresentation;

2. For a judicial declaration that, upon tender to Defendant of all premiums paid, Jackson National may rescind Policy No. 1 and Policy No. 2 due to concealment;

3. For a judicial declaration that Policy No. 1 and Policy No. 2 are null and void due to failure of a condition precedent, and that, other than the return of premiums, no benefits under the Policies are due and payable to Defendant Stephen Ward;

4. For Jackson National's costs of suit incurred herein; and

///

5. For such other and further relief as the Court may deem just and proper.

FLEMING & PHILLIPS LLP

By: /S/
ROBERT D. PHILLIPS, JR.

Attorneys for Plaintiff Jackson National Life Insurance Company

I:\Clients\JackNati\Ward\Pleading\Complaint002.wpd

---

**COMPLAINT FOR DECLARATORY RELIEF RE RESCISSION-MISREPRESENTATION, RESCISSION-CONCEALMENT AND NO CONTRACT FORMATION** 8