# EXHIBIT 2
# TO
# DECLARATION OF YVONNE P. GREER



1 of 1 DOCUMENT

Moore's Federal Practice - Civil

Copyright 2009, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

Volume 17 Analysis: Venue (Chs. 110-112)
Chapter 111 Change of Venue
A.  STATUTORY CHANGE OF VENUE
2.  TRANSFER WHEN VENUE IS PROPER BUT INCONVENIENT

17-111 Moore's Federal Practice - Civil § 111.12

**AUTHOR:** by Georgene M. Vairo

**§ 111.12 Transferee Court Must be One in Which Action "Might Have Been Brought"**

[1] Requirements for Transferee Court

[a] Transferee Court Must Have Proper Venue, Subject Matter, and Personal Jurisdiction

Under Section 1404(a), assuming the other requirements for convenience transfer are met (*see § 111.13*), a district court may transfer an action "to any other district or division where it might have been brought."n1 The Supreme Court in *Hoffman* v. *Blaski* interpreted the quoted language to mean that the proposed transferee district must be one in which the plaintiff properly could have filed the action initially.n2 Accordingly, the transferor court may not transfer an action unless it first determines that, at the time the action was originally filed (*see* [4], *below*), (1) venue would have been proper in the proposed transferee district;n3 (2) the transferee court would have had subject-matter jurisdiction;n4 and (3) the transferee court could have exercised personal jurisdiction over the defendants (*see* [c], *below*).n5 The transferor court's determinations as to jurisdiction and venue are ordinarily binding on the transferee court as part of the law of the case.n5.1

[a.1] Transferee Court Must Be "District or Division"

Section 1404 allows transfer to a "district or division" where the action might have been brought.n5.2 The districts and divisions of the federal courts are set out in the Judicial Code, Title 28 U.S.C.n5.3 Additionally, the term "district court" includes the District Court of Guam, the District Court for the Northern Mariana Islands, and the District Court of the Virgin Islands.n5.4 These are all proper transferee courts.

On the other hand, the Court of Federal Claims is not designated as a district or division by any statutory authority. Accordingly, the Court of Federal Claims is not a "district or division" to which a court may transfer a case under § 1404.n5.5

[b] Court May Transfer if Plaintiff Had Ability to Raise Subject Matter of Action as Counterclaim in

Exhibit 2 to Declaration of Yvonne P. Greer_Page 1

**Related Pending Action**

The court presiding over an action filed in retaliation for an action pending in another district may transfer the action to the other district even though the retaliatory action is not one that "might have been brought" in the other court initially because the defendant in the retaliatory action is not subject to personal jurisdiction in that district (*see also* [c], *below*). The courts reason that, at the time the retaliatory action was filed, that action "might have been brought" in the transferee district notwithstanding a lack of personal jurisdiction over the defendant because the plaintiff (who is the defendant in the action in the transferee district) had the right to raise the subject matter of its action as a counterclaim in the pending action in the transferee district.n6 Transfer of cases to a district in which a related action is pending is favored because it conserves judicial resources and avoids inconsistent results.n7

However, if the retaliatory action involves multiple parties, some of whom were not parties in the first action, the result may be different. If one of the plaintiffs in the second action was not a defendant in the first action, the second action may not be transferred to the district in which the first action is pending unless the transferee district has an independent basis for asserting personal jurisdiction over the defendant in the second action. This is so because a plaintiff in the retaliatory action who is not a defendant in the first action could not have raised his or her claim as a counterclaim in the first action.n8 Some courts have suggested, however, that procedural rules allowing joinder of non-parties to counterclaims may in some circumstances mean that the claim "might have been brought" in the first action even though the person asserting the claim was not a party.n9

By the same token, if one of the defendants in the retaliatory action is not a plaintiff in the first action, that defendant could not have had a counterclaim asserted against him or her, so transfer of the claim against that defendant is unavailable unless the transferee court has an independent basis for personal jurisdiction.n10 In such a situation, if appropriate, the second court may retain the claims that could not have been raised in the transferee district and sever and transfer the other claims (*see* [2][a], *below*).

   **[c] Transferee Court's Ability to Assert Personal Jurisdiction Must Exist Independent of Defendant's Consent**

   **[i] Rule Set Out in *Hoffman v. Blaski***

It is not enough that the defendant, as part of his or her transfer motion, consents to the jurisdiction of the transferee court; rather, the transferee court's right to exercise jurisdiction must exist independent of the defendant's wishes.n11 In *Hoffman* v. *Blaski,* the Supreme Court found that a lack of proper venue in the proposed transferee district precludes transfer. The court went on to state that transfer was unauthorized on the additional ground that the transferee court could not have asserted personal jurisdiction over the defendant at the time the action was initially filed.n12 *Hoffman* v. *Blaski's* rationale was to prevent giving the defendant, as part of the transfer motion, the power to unilaterally defeat the plaintiff's privilege of selecting venue.n13

Critics have pointed out that *Hoffman* v. *Blaski* overstates the defendant's ability to defeat the plaintiff's privilege of selecting the forum, noting that the decision whether to transfer ultimately is resolved by the court based on considerations of convenience and fairness, and is not within the defendant's control.n14 Moreover, although *Hoffman* remains good law, two Supreme Court cases limit the reach of *Hoffman,* and cast doubt on *Hoffman*'s analysis of Section 1404(a) (*see* [ii], *below*).

   **[ii] Supreme Court's More Liberal Approach in Other Cases Limit *Hoffman v. Blaski* Rule**

Two Supreme Court cases, by taking a more liberal approach, implicitly call into question *Hoffman*'s requirement that the transferee court must have personal jurisdiction independent of the defendant's consent before a court may order transfer (*see* [i], *above*), as such a requirement limits the number of federal forums to which transfer may be made.n15

Exhibit 2 to Declaration of Yvonne P. Greer_Page 2

In *Continental Grain Co. v. F.B.L.-585,* the Court, in an admiralty action, took an expansive, "common-sense" approach to convenience transfers, ruling that transfer was authorized despite the transferee court's lack of in rem admiralty jurisdiction over the plaintiff's second claim against a barge (which jurisdiction is based on the location of the vessel), which was joined with a claim against the barge's owner over whom the transferee court did have personal jurisdiction. Thus, although the transferee court was not one in which the in rem claim "might have been brought" because the barge was not located there, transfer of both claims to that court was nonetheless appropriate because it was a more convenient forum and transfer would promote Section 1404(a)'s remedial goal of avoiding duplicative litigation of related claims.n16 Although the outcome of *Continental Grain* was to some extent dictated by the Court's disapproval of the antiquated "fiction" of in rem admiralty jurisdiction, it can still be read as advocating a liberal approach to transfer.n17 Subsequently, some lower courts have extended *Continental Grain Co.* to allow transfer of an in rem claim over which the transferee court could not have asserted in rem jurisdiction even when it was not joined with an in personam claim over which the transferee court had jurisdiction.n18 Older cases held to the contrary.n19

In *Van Dusen v. Barrack,* the Supreme Court rejected an interpretation of Section 1404(a) that would have applied state law rules to restrict the number of federal forums to which transfer was permissible.n20 The Court held that state law rules, such as those governing capacity to sue, which would have hindered or prevented the plaintiff from bringing the action initially in the proposed transferee district, had no place in the determination of whether the action "might have been brought" there. Rather, Section 1404(a)'s remedial goal of promoting convenience and fairness required construing the words "where [the action] might have been brought" with reference only to the federal venue statutes and not with regard to the state laws of the transferee district. In so holding, the Court emphasized that "[t]here is no valid reason for reading the words 'where it might have been brought' to narrow the range of permissible federal forums beyond those permitted by the federal venue statutes" (*see* [d], *below*).n21

While *Hoffman v. Blaski*'s requirement that the transferee court have an unqualified right to exercise personal jurisdiction over the defendant has been placed in some doubt by these two Supreme Court cases, and certainly has been limited, lower courts in nearly all cases continue to follow *Hoffman* and thus will deny transfer if a basis for personal jurisdiction, independent of the defendant's consent, is lacking in the transferee court (*see* [1][a], *above*).n22 In one factually unusual case, however, the court refused to extend the *Hoffman* v. *Blaski* rule to the situation in which the plaintiff moved for transfer to a district that would have lacked proper venue and personal jurisdiction had plaintiff brought the action there initially, holding that defendant's earlier agreement (later withdrawn) to waive the venue and jurisdictional requirements in the proposed transferee court should be given effect. The court thus refused to allow the defendant's inconsistent positions regarding transfer, taken as "a series of forum-selection maneuvers" to prevent transfer of the claims against the defendant so as to join them in a single forum with the claims against the other defendants.n23

### [d] Other Barriers That Would Have Precluded Action in Transferee Court Are Irrelevant

The requirement that a district court may transfer an action "to any other district or division where it might have been brought"n24 only concerns jurisdictional and venue requirements. It does not refer to other substantive or procedural barriers in the transferee court, such as statute of limitations problems or lack of capacity to sue, that would have precluded the plaintiff from bringing the action there originally. Because the transferee court must apply the substantive law, including the choice of law rules, that the transferor court would have applied had the action remained there, the law that the transferee court would have applied had the action been filed there originally is irrelevant (*see § 111.20* (choice of law following transfer)).n25

### [2] Options When Venue in Proposed Transferee Court Is Proper as to Some Defendants and Not as to Others

### [a] Transferor Court May Sever Claims and Transfer Those Defendants as to Whom Venue Is Proper in

Exhibit 2 to Declaration of Yvonne P. Greer_Page 3

**Transferee Court**

When one or more defendants as to whom venue would not have been proper in the transferee district are "alleged to be only indirectly connected" to the events that form the main subject matter of the action, the court in which the action was originally brought may sever the claims against these defendants and transfer the action against the remaining defendants to the more convenient forum.n26 In such an instance, if "the administration of justice would be materially advanced by severance and transfer," the court in which the action originally was brought may sever under Rule 21 even properly joined claims, thus creating two separate actions, to permit transfer of the one while retaining jurisdiction of the other.n27 "Otherwise, a plaintiff could preclude the court from considering whether transfer would serve the interest of justice by including a defendant, not subject to suit in the more convenient district, who was in some manner peripherally involved in the alleged wrongdoing."n28

### [b] Court May Refuse Severance and Retain Claims Against All Defendants

The court should deny severance of the claims against one or more defendants as to whom venue would not have been proper in the proposed transferee court when these defendants are so involved in the transactions at issue in the action that the transfer of the claims against the other defendants "would require the same issues to be litigated in two places."n29

### [c] Court May Not Transfer Part of Single Action

When a court properly severs claims against certain defendants under Rule 21, two separate actions are created, and the court may transfer the severed action in its entirety while the retained action remains in its entirety in the transferor court (*see* [a], *above*). In contrast, when the court orders separate trials of certain claims under Rule 42(b) (*see generally* Ch. 42, *Consolidation; Separate Trials* ),n30 it lacks authority to transfer some of the claims to another forum for purposes of trial only,n31 because separate trials under Rule 42(b) result in a single judgment.n32

### [3] Party Moving for Transfer Has Burden of Proving Transferee Court Proper

As with the other requisites for convenience transfers (*see §§ 111.11*, *111.13*), the party seeking transfer (usually the defendant) has the burden of clearly establishing that the action properly could have been brought in the first instance in the transferee district (*see* [1], *above*).n33

### [4] Timing for Determination as to Whether Action "Might Have Been Brought" in Transferee Court

### [a] Ordinarily, Circumstances at Time Action Commenced in Original Court, Not When Transfer Motion Made

For transfer to be proper under Section 1404(a), the venue and jurisdictional requirements in the transferee court must have been met at the time the action was commenced in the original court.n34 Thus, a change of circumstances after the action is filed in the transferor court, such as the defendant's change of residence, does not authorize transfer to that district if the action could not have been filed there originally.n35 Similarly, a defendant may not obtain transfer over a plaintiff's objection to a district that would not have had proper venue and personal jurisdiction when plaintiff initially filed the action, by later agreeing as part of the transfer motion to waive any objections to lack of proper venue and personal jurisdiction in the district to which the defendant seeks transfer (*see* [1][c], *above*).n36

### [b] Exception: Dismissed or Settled Defendants Not Taken Into Account

In an action involving multiple defendants, although the action may be transferred only if, at the time the action originally was brought, the venue and jurisdictional requirements would have been satisfied as to all of them in the court to which transfer is sought (*see* [2], *above* (options when venue is proper as to some defendants and not others)),n37 the

Exhibit 2 to Declaration of Yvonne P. Greer_Page 4

action may nevertheless be transferred if the defendants as to whom venue in the transferee district would have been improper have settled or been dismissed from the action when the transfer motion is made.n38 "A party's settlement of his portion of the action cures any objection to venue in the transferee district with respect to that party."n39

### [c] Exception: Removed Cases

A timing question arises in removed cases, especially in cases that were not removable in the first place. If there is no federal subject matter jurisdiction, then technically, the transferee district is not one in which the action "might have been brought." However, once the case becomes removable, because federal subject matter jurisdiction now exists, the better approach is to find that the transferee court is one in which the action "might have been brought." For example, in *Schechter v. Tauk Tours Inc.,* the New York plaintiffs filed suit in New York state court against tour operator and travel agent for injuries sustained on a vacation in Hawaii. At the time, there was no diversity. After the non-diverse travel agents were dismissed from the state court action, the defendant removed to federal court and sought a transfer to the district court of Hawaii under § 1404(a). The district court correctly ruled that the "civil case" in § 1404(a) "refers in the case of a removed action to the action in the form in which it was removed to the federal court." The court sensibly found that its construction of § 1404(a) furthers the purposes of fairness and convenience that the statute promotes, and is consistent with, the practice of permitting removal to federal court when a non-removable case becomes removable.n40

**Legal Topics:**

For related research and practice materials, see the following legal topics:
Civil ProcedureVenueFederal Venue TransfersGeneral OverviewCivil ProcedureVenueFederal Venue TransfersConvenience TransfersCivil ProcedureVenueMotions to TransferConvenience of PartiesCivil ProcedureVenueMotions to TransferConvenience of Witnesses

**FOOTNOTES:**
(n1)Footnote 1. *28 U.S.C. § 1404(a).*

   (n2)Footnote 2. **Transferee court must be one in which action properly could have been filed originally.**
*Hoffman v. Blaski, 363 U.S. 335, 343-344, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960)* ; *see also Van Dusen v. Barrack, 376 U.S. 612, 634, 84 S. Ct. 805, 818, 11 L. Ed. 2d 945 (1964)* ("This transfer power is, however, expressly limited by the final clause of Section 1404(a) restricting transfer to those federal districts in which the action 'might have been brought' ").

   (n3)Footnote 3. **Proposed transferee court must be proper venue.** *Hoffman v. Blaski, 363 U.S. 335, 343, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960)* (denying transfer when venue not proper in transferee court); *see Miot v. Kechijian, 830 F. Supp. 1460, 1465 (S.D. Fla. 1993)* (denying transfer when venue not proper in proposed transferee district).

   (n4)Footnote 4. **Proposed transferee court must have subject matter jurisdiction.**

     6th Circuit See *Bacik v. Peek, 888 F. Supp. 1405, 1413 (N.D. Ohio 1993)* (*28 U.S.C. § 1404(a)* permits transfer to court with proper venue, personal, and subject matter jurisdiction).

     D.C. Circuit See *Packer v. Kaiser Foundation Health Plan, 728 F. Supp. 8, 11 (D.D.C. 1989)* (transferee court must have subject matter jurisdiction, proper venue, and personal jurisdiction over defendant).

   (n5)Footnote 5. **Proposed transferee court could have exercised personal jurisdiction over defendant.**
*Hoffman v. Blaski, 363 U.S. 335, 343-344, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960)* .

Exhibit 2 to Declaration of Yvonne P. Greer_Page 5

    *2d Circuit See Anglo American Ins. Group, PLC v. Calfed, Inc., 916 F. Supp. 1324, 1327-1328 (S.D.N.Y. 1996)* (transferee court must have personal jurisdiction and proper venue).

    *3d Circuit See Sunbelt Corp. v. Noble, Denton & Associates, Inc., 5 F.3d 28, 1994 A.M.C. 42 (3d Cir. 1993)* (transfer unauthorized when transferee court could not exercise personal jurisdiction over defendant).

    *9th Circuit See Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985)* (transfer was proper when action properly could have been brought in transferee court).

    *10th Circuit See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991)* (district court may not transfer action to court that lacks personal jurisdiction over the defendants).

    (n6)Footnote 5.1. **Jurisdiction and venue determinations ordinarily binding on transferee court.** *See Illinois Union Ins. Co. v. Tri Core Inc., 191 F. Supp. 2d 794, 797-800 (N.D. Tex. 2002)* (while law-of-the-case doctrine ordinarily requires court to adhere to prior determination on personal jurisdiction, here transferee court reconsidered transferor court's decision because of new evidence showing that movants had misled transferor court; transferee court determined that jurisdiction was lacking and transferred back to original court).

    (n7)Footnote 5.2. *28 U.S.C. § 1404(a).*

    (n8)Footnote 5.3. *28 U.S.C. §§ 81-131.*

    (n9)Footnote 5.4. *28 U.S.C. § 1404(d).*

    (n10)Footnote 5.5. **Court of Federal Claims.** *Fisherman's Harvest, Inc. v. PBS & J, 490 F.3d 1371, 1378-1379 (Fed. Cir. 2007)* (district court erred in transferring claims to Court of Federal Claims, which had concurrent jurisdiction, because it was not a "district or division").

    (n11)Footnote 6. **Transfer to district with pending action allowed if plaintiff could have asserted counterclaim.**

    *1st Circuit See Leesona Corp. v. Duplan Corp., 317 F. Supp. 290, 293-294 (D.R.I. 1970)* .

    *9th Circuit See A.J. Industries, Inc. v. United States Dist. Ct., C.D. of Cal., 503 F.2d 384, 386-389 (9th Cir. 1974)* .

    (n12)Footnote 7. *Levitt v. Maryland Deposit Ins. Fund Corp., 643 F. Supp. 1485, 1493 (E.D.N.Y. 1986)* ("[t]ransfer is particularly appropriate where there is a prior pending lawsuit in the transferee district involving the same facts, transactions, or occurrences").

    (n13)Footnote 8. **If plaintiff was not defendant in first action, transferee court must have independent basis for jurisdiction.** *See, e.g., Alexander & Alexander, Inc. v. Donald F. Muldoon & Co., 685 F. Supp. 346, 350 n.2 (S.D.N.Y. 1988)* (denying transfer because plaintiff in second action was not defendant in first action, so plaintiff could not have brought its claim as counterclaim in first action); *American Tel. & Tel. Co. v. Milgo Electronic Corp., 428 F. Supp. 50, 55 (S.D.N.Y. 1977)* (when plaintiff in second action was not a defendant in first action, that plaintiff could not have asserted its claim as counterclaim in first action; court rejected argument that even though it was not a party to first action, plaintiff theoretically could have joined in any counterclaim brought by other defendants, because those

**Exhibit 2 to Declaration of Yvonne P. Greer_Page 6**

defendants did not in fact assert a counterclaim).

(n14)Footnote 9. **Joinder rules may allow counterclaim by non-parties.** See *Martin v. South Carolina Bank, 811 F. Supp. 679, 684-685 (M.D. Ga. 1992)* (transfer granted despite fact that not all parties to second action were parties in first action because federal rule allows joinder of non-parties to counterclaim).

(n15)Footnote 10. **Transfer unavailable.**

*1st Circuit* See, e.g., *Leesona Corp. v. Duplan Corp., 317 F. Supp. 290, 293-294 (D.R.I. 1970)* (action may not be transferred as to defendant in transferor district who was not plaintiff in transferee district).

*2d Circuit* See *American Tel. & Tel. Co. v. Milgo Electronic Corp., 428 F. Supp. 50, 55 (S.D.N.Y. 1977)*.

*11th Circuit* But see *Martin v. South Carolina Bank, 811 F. Supp. 679, 684-685 (M.D. Ga. 1992)* (transfer of second action granted despite fact that only one of defendants in second action was a plaintiff in the first action, because plaintiff in second action could have joined non-parties to its counterclaim in the first action under *Fed. R. Civ. P. 13(h)* and by using ERISA's nationwide service of process provision to obtain personal jurisdiction over them).

(n16)Footnote 11. **Defendant's consent to personal jurisdiction not enough.** *Hoffman v. Blaski, 363 U.S. 335, 343-344, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960)*; see 28 U.S.C. § 1404(a).

*2d Circuit* See *Morales v. Navieras de Puerto Rico, 713 F. Supp. 711, 712 (S.D.N.Y. 1989)*; *Alexander & Alexander v. Donald F. Muldoon & Co., 685 F. Supp. 346, 349-350 (S.D.N.Y. 1988)*.

*3d Circuit* See, e.g., *Sunbelt Corp. v. Noble, Denton & Associates, Inc., 5 F.3d 28, 1994 A.M.C. 42 (3d Cir. 1993)*.

*5th Circuit* But see *Liaw Su Teng v. Skaarup Shipping Corp., 743 F.2d 1140, 1148-1149 (5th Cir. 1984)* (court allowed transfer despite fact that one of defendants not subject to personal jurisdiction in transferee court when defendant had consented to transferee court's jurisdiction and then withdrew consent as "series of forum-selection maneuvers").

*9th Circuit* See *Commercial Lighting Prods., Inc. v. United States Dist. Court, 537 F.2d 1078 (9th Cir. 1976)*.

*10th Circuit* See *Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991)* ("Section 1404(a) does not allow a court to transfer a suit to a district which lacks personal jurisdiction over the defendants, even if they consent to suit there").

(n17)Footnote 12. **Transfer not allowed if transferee court lacks personal jurisdiction over defendant at time of filing.** *Hoffman v. Blaski, 363 U.S. 335, 342, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960)*.

(n18)Footnote 13. **Defendant should not have power to defeat plaintiff's venue privilege.** *363 U.S. at 343-344*.

(n19)Footnote 14. **Convenience and fairness factors control transfer.** See *363 U.S. at 365* (Frankfurter, J. dissenting); *Schertenleib v. Traum, 589 F.2d 1156, 1163 (2d Cir. 1978)* (noting criticism and refusing to extend *Hoffman* v. *Blaski* to context of motion to dismiss on forum non conveniens ground).

Exhibit 2 to Declaration of Yvonne P. Greer_Page 7

(n20)Footnote 15. **Two supreme court cases call requirement into question.** See *Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 80 S. Ct. 1470, 4 L. Ed. 2d 1540 (1960)* ; *Van Dusen v. Barrack, 376 U.S. 612, 634, 84 S. Ct. 805, 818, 11 L. Ed. 2d 945 (1964)* ; *see also 28 U.S.C. § 1404(a)*; *Hoffman v. Blaski, 363 U.S. 335, 343-344, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960)* .

(n21)Footnote 16. *Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 80 S. Ct. 1470, 4 L. Ed. 2d 1540 (1960)* ; *see 28 U.S.C. § 1404(a)*.

(n22)Footnote 17. *Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 22-23, 80 S. Ct. 1470, 4 L. Ed. 2d 1540 (1960)* .

(n23)Footnote 18. **Transfer of In Rem Actions.**

*3d Circuit See, e.g., Construction Aggregates Corp. v. SS Azalea City, 399 F. Supp. 662, 663-664 (D.N.J. 1975)* (transfer in interest of justice even though in rem action could not have been brought in transferee forum originally).

*5th Circuit See, e.g., In re Intern. Marine Towing, Inc., 617 F.2d 362, 364 (5th Cir. 1980)* (transfer of in rem action was proper for convenience of parties even though *28 U.S.C. § 1404(a)*, "on a literal reading," was not complied with).

*11th Circuit See, e.g., Furness Withy (Chartering) Inc. v. World Energy Systems Assocs., Inc., 523 F. Supp. 510, 512-513 (N.D. Ga. 1981)* (ordering transfer despite fact that in rem action could not have been brought initially in transferee forum).

(n24)Footnote 19. **Older In Rem Actions Denied Transfer.**

*2d Circuit See, e.g., Hughes v. S.S. Santa Irene, 209 F. Supp. 440, 442 (S.D.N.Y. 1962)* (transfer not authorized because in rem action could not have been brought in transferee forum as initial matter).

*5th Circuit See, e.g., Leith v. The French Steamboat Rocroi, 203 F. Supp. 48, 49 (S.D. Tex. 1962)* (transfer not authorized because in rem action could not have been brought in transferee forum as initial matter).

*11th Circuit See, e.g., United States v. An Article of Drug, 308 F. Supp. 1405, 1407 (N.D. Ga. 1969)* (in rem action under statute authorizing seizure of drugs violating FDA regulations could only be brought in district where drugs found; action could not be transferred to another district).

(n25)Footnote 20. *Van Dusen v. Barrack, 376 U.S. 612, 622-633, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)* ; *see 28 U.S.C. § 1404(a)*.

(n26)Footnote 21. *Van Dusen v. Barrack, 376 U.S. 612, 622-633, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)* ; *see also Farrell v. Wyatt, 408 F.2d 662, 665 (2d Cir. 1969)* (district court properly transferred action even though under transferee forum's state law plaintiffs did not have capacity to sue).

(n27)Footnote 22. **Defendant's consent to personal jurisdiction not enough.** See *Hoffman v. Blaski, 363 U.S. 335, 343-344, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960)*

*2d Circuit See Morales v. Navieras de Puerto Rico, 713 F. Supp. 711, 712 (S.D.N.Y. 1989)* ; *Alexander*

Exhibit 2 to Declaration of Yvonne P. Greer_Page 8

& *Alexander v. Donald F. Muldoon & Co.*, 685 F. Supp. 346, 349-350 (S.D.N.Y. 1988) .

3d Circuit See, e.g.,  *Sunbelt Corp. v. Noble, Denton & Associates, Inc.*, 5 F.3d 28, 1994 A.M.C. 42 (3d Cir. 1993) .

9th Circuit See  *Commercial Lighting Prods., Inc. v. United States Dist. Court*, 537 F.2d 1078, 1079 (9th Cir. 1976) .

10th Circuit See  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) ("Section 1404(a) does not allow a court to transfer a suit to a district which lacks personal jurisdiction over the defendants, even if they consent to suit there").

(n28)Footnote 23.  **Transfer allowed.** *See  Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148-1149 (5th Cir. 1984) (transfer permitted when objecting defendant earlier had "effectively consented to venue and personal jurisdiction" in transferee court).

(n29)Footnote 24.  *28 U.S.C. § 1404(a)*.

(n30)Footnote 25.  **Transferee court applies substantive law of transferor court.** *See   Ferens v. John Deere Co.*, 494 U.S. 516, 519, 110 S. Ct. 1274, 108 L. Ed. 2d 443 (1990) (even though Pennsylvania's limitations period would have barred action if it had been brought there initially, action could be transferred there because action timely under transferor court's longer statute of limitations, which continues to apply following transfer);   *Van Dusen v. Barrack*, 376 U.S. 612, 638, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) (transferee court must apply state law that would have applied had there been no change of venue).

5th Circuit See  *Cowan v. Ford Motor Co.*, 713 F.2d 100, 103 n.4 (5th Cir. 1983) (transfer proper even though action would have been barred by transferee state's statute of limitations if action had been initiated in transferee court).

D.C. Circuit See  *Packer v. Kaiser Foundation Health Plan*, 728 F. Supp. 8, 11 (D.D.C. 1989) (transfer not precluded by fact that statute of limitations in transferee court already may have expired).

(n31)Footnote 26.  **Claims may be severed and transferred.**

2d Circuit See  *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) .

3d Circuit  *White v. Abco Engineering Corp.*, 199 F.3d 140, 144-145 (3d Cir. 1999) (even if court does not enter formal severance order under *Fed. R. Civ. P. 21*, when parties treat claims as severed, claims effectively severed remain in transferor court).

6th Circuit See  *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1293 (6th Cir. 1989) (citing *Wyndham Assocs. v. Bintliff* and severing claims against certain defendants and transferring them to another district).

(n32)Footnote 27.   *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) ; *see Fed. R. Civ. P. 21*; *see generally* Ch. 21, *Misjoinder and Nonjoinder of Parties.*

(n33)Footnote 28.  **Severance and transfer allowed.** *See  Wyndham Assocs. v. Blintliff*, 398 F.2d 614, 619 (2d Cir.

Exhibit 2 to Declaration of Yvonne P. Greer_Page 9

1968) .

(n34)Footnote 29. **Severance not allowed.** *See Sunbelt Corp. v. Noble, Denton & Associates, Inc., 5 F.3d 28, 33-34, 1994 A.M.C. 42 (3d Cir. 1993)* (severance and transfer denied when co-defendants attributed cause of plaintiff's injury to each other's negligence).

(n35)Footnote 30. *Fed. R. Civ. P. 42(b)*.

(n36)Footnote 31. **Transfer for purposes of trial only not allowed.** *See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1519-1520 (10th Cir. 1991)* (appellate court construed transfer order purporting to transfer counterclaim and third-party claim for separate trials under *Fed. R. Civ. P. 42(b)* as having transferred entire action, and the transferor court thus lost jurisdiction over all claims).

   8th Circuit See also *In re Flight Transp. Corp. Sec. Litig., 764 F.2d 515, 516 (8th Cir. 1985)* (district court had no power to transfer consolidated actions "only for the purposes of trial" while retaining jurisdiction for all other purposes).

   10th Circuit See *Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1519-1520 (10th Cir. 1991)* (appellate court construed transfer order purporting to transfer counterclaim and third-party claim for separate trials under *Fed. R. Civ. P. 42(b)* as having transferred entire action, and transferor court thus lost jurisdiction over all claims).

(n37)Footnote 32. **Transfer not allowed.** *See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1519 n.8 (10th Cir. 1991)* ; *see also 928 F.2d at 1520* (in dicta, court indicated that if transferor court had certified plaintiff's judgment under *Fed. R. Civ. P. 54(b)* before it transferred the counterclaim and third-party claim, the certification would have effectively severed the action and permitted proper transfer).

(n38)Footnote 33. **Moving party has burden.**

   2d Circuit See *Volkswagen de Mexico, S.A. v. Germanischer Lloyd, 768 F. Supp. 1023, 1029 (S.D.N.Y. 1991)* ("party seeking transfer bears the burden of establishing personal jurisdiction over the defendants in the transferee forum"); *Alexander & Alexander, Inc. v. Donald F. Muldoon & Co., 685 F. Supp. 346, 350 (S.D.N.Y. 1988)* (proponents of transfer motion "bear the burden of establishing that personal jurisdiction and venue are proper as to them [in proposed transferee court]").

   3d Circuit See *Shutte v. Armco Steel Corp., 431 F.2d 22, 24-25 (3d Cir. 1970)* (transfer was abuse of discretion when substantial doubt as to whether transferee court would have had personal jurisdiction); *see also Waste Distillation Tech. v. Pan Am. Res., 775 F. Supp. 759, 762 (D. Del. 1991)* (transfer unavailable when questionable whether venue would have been proper in transferee district).

(n39)Footnote 34. **Venue and jurisdictional requirements must have been met at time of filing.** *Hoffman v. Blaski, 363 U.S. 335, 342-343, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960)* ; *see 28 U.S.C. § 1404(a)*.

   3d Circuit See *Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970)* .

   8th Circuit *In re Nine Mile Ltd., 692 F.2d 56 (8th Cir. 1982)* .

(n40)Footnote 35. **Change of circumstance not grounds for transfer.** *See Allegaert v. Chemical Bank, 432 F.*

Exhibit 2 to Declaration of Yvonne P. Greer_Page 10

*Supp. 685, 687 (E.D.N.Y. 1977)* (transfer not allowed when defendant corporation had begun transaction business in proposed transferee district at time of transfer motion, but had not at time action filed).

   (n41)Footnote 36.  **Defendant waiver of venue or jurisdiction not considered.**   *Hoffman v. Blaski, 363 U.S. 335, 342-343, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960)* .

    5th Circuit But see  *Liaw Su Teng v. Skaarup Shipping Corp., 743 F.2d 1140, 1148-1149 (5th Cir. 1984)* (court allowed transfer despite fact that one of defendants not subject to personal jurisdiction in transferee court when defendant had consented to transferee court's jurisdiction and then withdrew consent as "series of forum-selection maneuvers").

    9th Circuit See also  *Commercial Lighting Prods., Inc. v. United States Dist. Court, 537 F.2d 1078, 1079 (9th Cir. 1976)* (defendant's subsequent consent to jurisdiction of proposed transferee district did not allow transfer because jurisdiction would not have existed when action was filed initially).

    10th Circuit See  *Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991)* ("Section 1404(a) does not allow a court to transfer a suit to a district court which lacks personal jurisdiction over the defendants, even if they consent to suit there").

   (n42)Footnote 37.  **Venue and jurisdiction requirements must be met as to all defendants.**

    3d Circuit See   *Sunbelt Corp. v. Noble, Denton & Assocs., Inc., 5 F.3d 28, 33, 1994 A.M.C. 42 (3d Cir. 1993)* (vacating transfer because personal jurisdiction in transferee court lacking as to co-defendant).

    5th Circuit See also  *Liaw Su Teng v. Skaarup Shipping Corp., 743 F.2d 1140, 1148 (5th Cir. 1984)* .

   (n43)Footnote 38.  **Rule not applicable to dismissed or settled defendants.**

    2d Circuit See  *Fairfax Dental Ltd. v. S.J. Filhol Ltd., 645 F. Supp. 89, 91 (E.D.N.Y. 1986)* (transfer proper when defendant as to whom venue would have been improper in transferee court had been dismissed).

    3d Circuit See  *In re Fine Paper Antitrust Litig., 685 F.2d 810, 819 (3d Cir. 1982)* ("a party's settlement of his portion of the action cures any objection to venue in the transferee district with respect to that party"); *Magee v. Essex-Tec Corp., 704 F. Supp. 543, 546 (D. Del. 1988)* (transfer proper when defendants as to whom venue in transferee court would have been improper had been dismissed from action at time of transfer motion).

   (n44)Footnote 39.  **Transfer allowed if venue proper as to remaining defendants at time of motion.** *See  In re Fine Paper Antitrust Litig., 685 F.2d 810, 819 (3d Cir. 1982)* .

   (n45)Footnote 40.   *Schechter v. Tauck Tours, 17 F. Supp. 2d 255, 258-259 (S.D.N.Y. 1998)* .

Exhibit 2 to Declaration of Yvonne P. Greer_Page 11