I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
THOMAS J. GRAY (STATE BAR NO. 191411)
tgray@orrick.com
JULIO C. AVALOS (STATE BAR NO. 4476370)
javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:    650-614-7400
Facsimile:     650-614-7401

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL M. MILLER,<br><br>            Plaintiff,<br><br>       v.<br><br>FACEBOOK, INC. and YAO WEI YEO,<br><br>            Defendants. | Case No.  5:10-CV-00264 (WHA)<br><br>**FACEBOOK'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED.R.CIV.P. 8(A), 12(B)(6), AND 12(B)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     March 11, 2010<br>Time:    8:00 A.M.<br>Court:    Courtroom 9, 19th Floor<br>Judge:   Honorable William Alsup |

OHS West:260816905.5

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1
II. ALLEGATIONS OF THE COMPLAINT ..................................................................... 1
III. ARGUMENT .................................................................................................................. 2
    A. Plaintiff Failed To State A Claim. ...................................................................... 2
        1. Plaintiff Has Failed To Adequately Allege That Facebook Infringed His Copyright .......................................................................................... 3
        2. Plaintiff's Lanham Act Claim Is Equally Devoid Of Any Factual Allegations ............................................................................................. 4
        3. Plaintiff Has Also Failed to State A Claim Under the Georgia Deceptive Trade Practices Act ............................................................... 6
    B. Plaintiff's State Law Claim Should Be Dismissed Pursuant To Section 230 Of The CDA .................................................................................................. 6
    C. Plaintiff's GDTPA Claim Is Preempted By The Copyright Act ........................ 7
    D. Plaintiff's Copyright Infringement Claim Should Be Dismissed For Lack Of Subject Matter Jurisdiction ........................................................................... 8
IV. CONCLUSION ............................................................................................................... 9

1 **TABLE OF AUTHORITIES**

**Page**

### FEDERAL CASES

*Ambler* v. *Parks*,
  No. CIV S-08-0884 RRB, 2009 U.S. Dist. LEXIS 123865 (E.D. Cal. Mar. 3, 2009) .............. 4

*Ashcroft* v. *Iqbal*,
  129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ................................................................ 2, 3, 5, 6

*Ashlar Inc.* v. *Structural Dynamics Research Corp.*,
  Case No. C-94-4344 WHO, 1995 WL. 639599, 36 U.S.P.Q. 2d 1402 (N.D. Cal. 1995) ......... 8

*Balistreri* v. *Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1988) ..................................................................................... 2

*Beam Sys.* v. *Checkpoint Sys.*,
  Case No. CV 95-4068 RMT(AJWx), 1995 U.S. Dist. LEXIS 21498 (C.D. Cal. Oct. 30, 1995) ........................................................................................................................ 3

*Bell Atlantic Corp.* v. *Twombly*,
  550 U.S. 544 (2007) ................................................................................................ 3, 5, 6

*Brush Creek Media, Inc.* v. *Boujaklian*,
  Case No. C-02-3491 EDL, 2002 WL. 1906620 (N.D. Cal. 2002) ........................................... 8

*Dastar Corp.* v. *Twentieth Century Fox Film Corp.*,
  539 U.S. 23 (2003) ................................................................................................... 5

*Del Madera Properties* v. *Rhodes & Gardner, Inc.*,
  820 F.2d 973 (9th Cir. 1987) ................................................................................... 7

*Dielsi* v. *Falk*,
  916 F. Supp. 985 (C.D. Cal. 1996) .......................................................................... 8

*Doe* v. *MySpace, Inc.*,
  528 F.3d 413 (5th Cir. 2008) ................................................................................... 6

*Durning* v. *First Boston Corp.*,
  815 F.2d 1265 (9th Cir. 1987) ................................................................................. 4

*Feist Pubs., Inc.* v. *Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991) ................................................................................................ 3

*Foster* v. *City of Oakland*,
  Case No. C-08-01944 EDL, 2008 U.S. Dist. LEXIS 59673 (N.D. Cal 2008) ...................... 3

*Gable-Leigh, Inc.* v. *North American Miss*,
  Case No. CV 01-01019 MMM (SHX), 2001 WL. 521695 (C.D. Cal. 2001) ........................ 8

*Just Water Heaters Inc.* v. *Water Heaters Only, Inc.*,
  Case No. C-05-4996 SC, 2006 U.S. Dist. LEXIS 9006 ....................................................... 8

# TABLE OF AUTHORITIES
## (continued)

Page

*Loree Rodkin Mgm't Corp.* v. *Ross-Simons, Inc.*,
  315 F. Supp. 2d 1053 (C.D. Cal. 2004) .................................................................... 8, 9

*Oyster Software, Inc.* v. *Forms Processing, Inc.*,
  Case No. C-00-0724 JCS, 2001 U.S. Dist. LEXIS 22520 (N.D. Cal. Dec. 6, 2001) ................ 8

*Perfect 10, Inc.* v. *CCBill, LLC*,
  340 F. Supp. 2d 1077 (C.D. Cal. 2004) *rev'd on other grounds*
   481 F.3d 751 (9th Cir. 2007) ................................................................................. 7

*Puckett* v. *Park Place Entm't*,
  332 F. Supp. 2d 1349 (D. Nev. 2004) ...................................................................... 3

*Qualitex Co. v. Jacobson Products Co.*,
  514 U.S. 159, 163-164 (1995) ................................................................................. 5

*Ryan* v. *Carl Corp.*,
  Case No. C 97-3873 FMS, 1998 WL. 320817 (N.D. Cal. 1998) ............................................ 8

*Silvers* v. *Sony Pictures Entm't, Inc.*,
  402 F.3d 881 (9th Cir. 2005) .................................................................................. 4

*Steckman* v. *Hart Brewing, Inc.*,
  143 F.3d 1293 (9th Cir. 1998) ................................................................................ 2

*Sybersound Records, Inc.* v. *UAV Corp.*,
  517 F.3d 1137 (9th Cir. 2008) ................................................................................ 4

*Tabra, Inc.* v. *Treasures de Paradise Designs, Inc.*,
  Case No. C-90-0155 MHP, 1992 WL. 73463, 20 U.S.P.Q. 2d 1313 (N.D. Cal. 1992) ............ 8

## STATE CASES

*Gentry* v. *eBay, Inc.*,
  99 Cal. App. 4th 816 (2002) .................................................................................. 7

## DOCKETED CASES

*Finkel* v. *Facebook, Inc., et al*,
  Case No. 102578/09 ............................................................................................. 6

## FEDERAL STATUTES

15 U.S.C. § 1125(a)(1)(A) ........................................................................................... 4

15 U.S.C. § 1127 ....................................................................................................... 5

17 U.S.C. § 102 ........................................................................................................ 7

**TABLE OF AUTHORITIES**
**(continued)**

Page
17 U.S.C. § 106 .................................................................................................................... 7

17 U.S.C. § 301(a) ................................................................................................................ 7

17 U.S.C. § 411(a) ............................................................................................................. 8, 9

17 U.S.C. § 411(b)(1) ........................................................................................................ 8, 9

17 U.S.C. § 501(b) ................................................................................................................ 4

47 U.S.C. § 230(c)(1) ........................................................................................................... 6

47 U.S.C. § 230(e)(2) ........................................................................................................... 6

47 U.S.C. § 230(e)(3) ........................................................................................................... 6

Fed. R. Civ. P. 8(a) ............................................................................................................... 1

Fed. R. Civ. P. 8(a)(2) .......................................................................................................... 3

Fed. R. Civ. P. 12(b)(1) .................................................................................................. 1, 8, 9

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 1, 2, 9

# NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT at 8:00 A.M. on March 11, 2010, or as soon thereafter as counsel may be heard, in Courtroom 9, 19th Floor of this Court, located at 450 Golden Gate Avenue, San Francisco, California before the Honorable William Alsup, Defendant Facebook, Inc. will and hereby does move this Court for an Order dismissing Plaintiff's complaint on the grounds that the complaint fails to state a claim pursuant to Rules 8(a), 12(b)(6), and 12(b)(1) of the Federal Rules of Civil Procedure. This motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the pleadings and papers on file in this action, any matters of which the Court may or must take judicial notice, any evidence or argument presented at the hearing on the motion, and any other matters the Court deems proper.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Facebook, Inc. moves to dismiss the claims asserted against it in their entirety. This case is a dispute between two video game developers who have allegedly developed similar games. Defendant Yao Wei Yeo developed a game, ChainRxn, which he made available through Facebook's website. Other than being the passive conduit for Defendant Yeo to publish his game, however, Facebook had no involvement in Yeo's activity and should not be dragged into this dispute. Indeed, Plaintiff's paltry allegations against Facebook do not satisfy the relevant pleading standards. All three claims asserted against Facebook should be dismissed.

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that he is the author of a video game called Boomshine. Complaint ("Compl."), ¶ 10. Plaintiff further alleges he has filed for registration with the United States Copyright Office, but he does not provide a registration number or any other details regarding the purported copyright registration. *Id.*, ¶ 13. In the letters attached as exhibits to the complaint, Plaintiff's counsel asserts that a company called K2xL, not Plaintiff, owns the copyrights and all intellectual property rights in the Boomshine game. *See id.* Exs. A and B.

1   With respect to the asserted wrongful conduct, Miller's complaint almost exclusively
2   addresses the actions of Defendant Yeo, not Facebook.  Specifically, Plaintiff alleges that
3   ChainRxn, a video game Defendant Yeo developed, copies the "look and feel" of the Boomshine
4   game.  *Id.*, ¶ 17.  Plaintiff claims both games use AdobeFlash™ technology where players click
5   on floating circles that cause the clicked circle to expand and causes other contacted floating
6   circles to likewise expand in a chain reaction.  *Id.*, ¶¶ 11, 16.  Miller also alleges that Yeo
7   published ChainRxn on the Facebook website and that, after Yeo published his game, members of
8   the public were deceived regarding the origin of ChainRxn.  *Id.*, ¶ 18.  Plaintiff also alleges that
9   he sent Yeo a cease and desist letter, which Yeo ignored.  *Id.*, ¶¶ 21, 22.  Plaintiff alleges that in
10  response to the cease and desist letter, Yeo "modified *ChainRxn* to prevent Plaintiff or anyone
11  listing Plaintiff as his 'friend' on the Facebook website from accessing or viewing *ChainRxn*."
12  *Id.*, ¶ 22.

13  Plaintiff's allegations against Facebook are meager, to say the least.  First, Plaintiff merely
14  concludes, without any factual support, that Facebook "reproduced and distributed" the ChainRxn
15  game.  *Id.*, ¶ 25.  Plaintiff further alleges that Facebook provides advertisements on the web page
16  that "hosts" the ChainRxn game.  *Id.*, ¶ 19.  Finally, Plaintiff asserts that he sent a letter to
17  Facebook demanding that Facebook remove ChainRxn from the Facebook website.  *Id.*, ¶ 20.
18  These minimal and bare allegations do not come close to supporting the copyright infringement,
19  Lanham Act, and state law unfair competition claims asserted against Facebook.

20  **III.   ARGUMENT**

21  **A.   Plaintiff Failed To State A Claim.**

22  Miller's complaint is devoid of any substantive factual allegations suggesting that
23  Facebook has engaged in any wrongdoing.  Under Federal Rule of Civil Procedure 12(b)(6),
24  courts dismiss cases like this, where the complaint evinces either a lack of a cognizable legal
25  theory or the absence of sufficient facts supporting one.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1954,
26  173 L. Ed. 2d 868 (2009); *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988).
27  Dismissal without leave to amend is proper because no amendment could possibly cure the
28  pleading's deficiencies.  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998)

*cited in Foster v. City of Oakland*, Case No. C-08-01944 EDL, 2008 U.S. Dist. LEXIS 59673, at *4 (N.D. Cal. Aug. 5, 2008).

"[C]onclusory allegations and unwarranted inferences are insufficient to defeat a [Rule 12(b)(6)] motion to dismiss," even though the Court must construe the complaint in the light most favorable to the non-moving party. *Puckett v. Park Place Entm't*, 332 F. Supp. 2d 1349, 1352 (D. Nev. 2004). Indeed, Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1949. This standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 *quoting Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 *quoting Twombly*, 550 U.S. at 557. The purpose of these basic requirements is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555.

Here, Plaintiff's complaint is a textbook example of how not to draft a complaint in the wake of *Iqbal* and *Twombly*. Indeed, Plaintiff merely recites the elements of his claims, assigns "labels and conclusions" and, ultimately, provides no notice whatsoever to Facebook of what his claims are or the grounds upon which they rest. The complaint must be dismissed. *Iqbal,* 129 S. Ct. at 1949.

        **1.**     <u>**Plaintiff Has Failed To Adequately Allege That Facebook Infringed His Copyright.**</u>

A plaintiff bringing a claim for copyright infringement must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Beam Sys. v. Checkpoint Sys.,* Case No. CV 95-4068 RMT(AJWx), 1995 U.S. Dist. LEXIS 21498 (C.D. Cal. Oct. 30, 1995) *quoting Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Here, the complaint does not satisfy these basic pleading requirements with respect to Facebook and, thus, should be dismissed.

First, Plaintiff has not demonstrated ownership in the allegedly copyrighted work.  "Under copyright law, only copyright owners and exclusive licensees of copyright may enforce a copyright or a license." *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1144 (9th Cir. 2008); *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005); *see also* 17 U.S.C. § 501(b).  While Miller alleges that *he* filed a registration for copyright (compl. ¶ 13), he does not allege that he is the owner of the Boomshine copyright.  Indeed, Exhibits A and B to the complaint contradict any suggestion that he is.  Specifically, the letters written by Plaintiff's counsel expressly state that: "K2xl is the owner of the [sic] all right, title and interest in copyrights … including certain flash video games known as Boomshine… ." *See, e.g.,* compl. Exs. A & B.  "[T]he court may disregard allegations in the complaint that are contradicted by facts established by exhibits attached to the complaint." *Ambler v. Parks*, No. CIV S-08-0884 RRB, 2009 U.S. Dist. LEXIS 123865 (E.D. Cal. Mar. 3, 2009) citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  Thus, Plaintiff has not adequately alleged that he has standing to sue for infringement of the alleged copyright nor has he satisfied the basic Rule 8 showing to maintain this action.  Plaintiff's First Claim for Relief should be dismissed on this basis alone.

In addition, Miller has not alleged that Facebook (or Yeo) copied the "constituent elements" of Boomshine, Miller's video game.  While he concludes that Facebook "reproduced and distributed" Yeo's ChainRxn application, Miller does not offer a single fact to show that Facebook provides anything more than a passive platform.  Compl. ¶ 15.  Indeed, the complaint demonstrates that Yeo, not Facebook, created and published the ChainRxn game and offered it through the Internet, including through Facebook.  *Id*.  The complaint offers no "factual enhancement" to Plaintiff's "naked assertions" of copyright infringement.  It should be dismissed.

### 2. Plaintiff's Lanham Act Claim Is Equally Devoid Of Any Factual Allegations.

Miller's Lanham Act claim similarly fails to satisfy the basic pleading requirements of Rule 8.  The complaint appears to allege that Facebook violated Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a)(1)(A).  Compl. ¶ 36.  "The Lanham Act was intended to make

'actionable the deceptive and misleading use of marks,' and 'to protect persons engaged in . . . commerce against unfair competition." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28 (2003) *citing* 15 U.S.C. § 1127.  Accordingly, the Lanham Act protects against unfair or deceptive behavior between competitors. *Id*., 539 U.S. at 34 *citing Qualitex Co. v. Jacobson Products Co.,* 514 U.S. 159, 163-164 (1995) (finding that infringement law protects producers from unfair practices by an "imitating competitor").

As a threshold matter, Plaintiff cannot allege that Miller and Facebook are competitors.  In fact, Plaintiff's allegations belie any such claim.  Specifically, Plaintiff alleges that he is a game developer (compl. ¶ 10) while Facebook operates a website.  Compl. ¶¶ 15, 18, 20.  Because Miller simply cannot allege a basic requirement, his Lanham Act claim should be dismissed as against Facebook.

Further, Section 43(a) has been construed as creating a federal action for "passing off," which occurs "when a producer misrepresents his own goods or services as someone else's." *Dastar Corp.*, 539 U.S. at 28 n.1.  A passing off claim requires a showing that Facebook falsely represented that Miller was the "source" of the goods when it was not (*i.e.*, that it falsely suggested that plaintiff was "the producer of the tangible product sold"). *Id*., 539 U.S. at 31. Here, Miller simply cannot allege that Facebook falsely represented that Boomshine is its product or that Facebook passed off a different Facebook video game as Plaintiff's.  Nor does the complaint contain a single allegation that Facebook played any role in distributing or identifying the source of ChainRxn.  For these reasons, the Lanham Act claim should be dismissed as to Facebook.

Finally, Plaintiff concludes that the defendants' "acts and conduct … is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Plaintiff."  Compl. ¶ 34.  But, he does not offer a single fact demonstrating that Yeo's publication of ChainRxn has caused or is likely to cause any confusion.  Importantly, he has completely failed to allege that there exists any confusion between Facebook's website and service and Plaintiff's Boomshine video game.  Instead, Miller's allegations are the "formulaic recitation of the elements" that the Supreme Court has rejected in both *Iqbal* and *Twombly*.

Plaintiff's Second Claim for Relief should be dismissed.

### 3. Plaintiff Has Also Failed to State A Claim Under the Georgia Deceptive Trade Practices Act.

Plaintiff's Georgia Deceptive Trade Practices Act ("GDTPA") claim fares no better. In his Third Claim for Relief Miller relies entirely on the incomplete and inadequate allegations made in support of the copyright and Lanham Act claims. Accordingly, this claim also should be dismissed for failing to satisfy the pleading standards set forth in *Iqbal* and *Twombly*.

### B. Plaintiff's State Law Claim Should Be Dismissed Pursuant To Section 230 Of The CDA.

Even if Miller had stated a claim under the GDTPA, that claim is barred by the Communications Decency Act. Section 230 of the CDA states that "[n]o provider or user of interactive computer service shall be treated as a publisher or speaker of any information provided by another content provider." 47 U.S.C. § 230(c)(1).[1] According to the complaint, Facebook "hosts" a website on which Yeo published a purportedly infringing computer game; Facebook does not provide the content. Compl. ¶¶ 15-18; *see also Doe v. MySpace, Inc.*, 528 F.3d 413, 419-20 (5th Cir. 2008) (finding that interactive computer service providers include social networking sites, like Facebook). Facebook is an interactive computer service provider under Section 230 and is immune from any liability arising from content posted by Yeo on its social networking website.[2]

Pursuant to the CDA "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). Congress placed only two limits on this broad immunity, one of which is that the CDA shall not be construed to limit or expand any law pertaining to intellectual property. 47 U.S.C. § 230(e)(2). "The fact that violations of intellectual property laws may create the underlying unfair or

---

[1] Because Facebook is an interactive computer service for purposes of Section 230, and is thus immune from liability under that statute, Facebook also is exempt under the Georgia statute. The GDTPA exempts from liability "[c]onduct in compliance with the orders or rules of or a statute administered by a federal, state, or local governmental agency." O.C.G.A. 10-1-374(a)(1).

[2] Facebook has filed concurrently herewith a Request for Judicial Notice of the September 16, 2009, Order dismissing Facebook from *Finkel v. Facebook, Inc., et al*, Case No. 102578/09, on the ground that it is "an interactive computer service" for purposes of Section 230. *See* Req. for Jud. Not., Ex. 1.

unlawful act for [state unfair competition laws] does not transform the statute into a law pertaining to intellectual property." *See Perfect 10, Inc. v. CCBill, LLC*, 340 F. Supp. 2d 1077, 1108 (C.D. Cal. 2004) (holding state unfair competition claims barred by the CDA) *rev'd on other grounds in Perfect 10, Inc. v. CCBill LLC*, 481 F.3d 751 (9th Cir. 2007); *see also Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 833 (2002) (holding eBay is immune from liability under the CDA where seller falsely identified the nature of goods). Instead, courts broadly construe CDA immunity to cover, among other things, claims asserting violations of state unfair competition laws. *See Perfect 10, Inc.*, 340 F. Supp. 2d at 1108 (holding state unfair competition claims barred by the CDA). Consequently, despite the fact that Miller's "deceptive practices" claim appears to rely on the same conclusory allegations as his Lanham Act claim, Facebook is immune from liability for this Third Claim for Relief. The CDA bars Miller's state law claim.

### C. Plaintiff's GDTPA Claim Is Preempted By The Copyright Act

The Copyright Act also preempts Miller's state law claim to the extent it is based upon plaintiff's copyright claim. Section 301 of the Act expressly preempts state created rights that are "equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103." 17 U.S.C. § 301(a).

"To survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights." *Del Madera Properties v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987)(citations omitted). The state claim must have an "extra element" that changes the nature of the action. *Id*. Miller's state law claim could not fit more neatly into this analysis to demonstrate that it is preempted. While the nature of Miller's claimed work is not sufficiently explained, he seems to claim that Boomshine is an original work of authorship fixed in a tangible medium. *See* Compl. ¶¶ 17, 25 and 26. Thus, Boomshine falls within the subject matter of copyright, specifically 17 U.S.C. Section 102's protection of literary and audiovisual works. And, Miller seeks to protect his allegedly exclusive rights to copy, display and distribute Boomshine. *Id*., at ¶ 27. These rights are all expressly enumerated in 17 U.S.C. Section 106. More, Miller's state unfair competition claim lacks any additional

predicate acts or "extra element" that would distinguish it in any way from his copyright claim. In fact, the only support for Miller's state law claims are allegations incorporated by reference from elsewhere in the complaint. *Id.*, at ¶ 39-40. Congress expressly forbade Miller's attempted "double dipping" by preempting state law claims like the one asserted here.

### D. Plaintiff's Copyright Infringement Claim Should Be Dismissed For Lack Of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a claim if the court lacks subject matter jurisdiction over it. Because Miller has not been issued a certificate of copyright registration on his Boomshine video game, he cannot satisfy the jurisdictional provision set forth in 17 U.S.C. Section 411(a) to initiate a claim for infringement. 17 U.S.C. § 411(a) ("[n]o action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title"). "A certificate of registration satisfies the requirements of this section … ." 17 U.S.C. § 411(b)(1).

Courts routinely dismiss copyright infringement claims in the absence of a certificate of copyright registration from the Copyright Office. *Just Water Heaters Inc. v. Water Heaters Only, Inc.*, Case No. C-05-4996 SC, 2006 U.S. Dist. LEXIS 9006, No. C-05-4996 SC, (N.D. Cal. 2006) (J. Conti); *Loree Rodkin Mgm't Corp. v. Ross-Simons, Inc.*, 315 F. Supp. 2d 1053, 1055 (C.D. Cal. 2004); *see also Brush Creek Media, Inc. v. Boujaklian*, Case No. C-02-3491 EDL, 2002 WL 1906620 (N.D. Cal. 2002) (J. Laporte); *Ryan v. Carl Corp.*, Case No. C 97-3873 FMS, 1998 WL 320817 (N.D. Cal. 1998) (J. Smith); *Oyster Software, Inc. v. Forms Processing, Inc.*, Case No. C-00-0724 JCS, 2001 U.S. Dist. LEXIS 22520 (N.D. Cal. Dec. 6, 2001) (J. Spero); *Ashlar Inc. v. Structural Dynamics Research Corp.*, Case No. C-94-4344 WHO, 1995 WL 639599, 36 U.S.P.Q.2d 1402 (N.D. Cal. 1995) (J. Orrick).[3]

The courts requiring possession of a certificate, as the Court should do here, rely on the plain language of Section 411, which provides:

---

[3] Some courts have concluded that a pending registration is sufficient to confer federal jurisdiction over a copyright infringement claim, finding that possession of the actual certificate of registration is unnecessary. *See Gable-Leigh, Inc. v. North American Miss*, Case No. CV 01-01019 MMM (SHX) 2001 WL 521695 (C.D. Cal. 2001); *Dielsi v. Falk*, 916 F.Supp. 985 (C.D. Cal. 1996); *Tabra, Inc. v. Treasures de Paradise Designs, Inc.*, Case No. C-90-0155 MHP, 1992 WL 73463, 20 U.S.P.Q.2d 1313 (N.D. Cal. 1992) (J. Patel).

OHS West:260816905.5 - 8 - FACEBOOK, INC.'S MOTION TO DISMISS COMPLAINT
5:10-CV-00264 (WHA)

> … [N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

17 USC § 411(a); *see Loree Rodkin Mgm't Corp.*, 315 F. Supp. 2d at 1055. Section 411(a) prohibits a party from suing for copyright infringement in any district court until "registration of the copyright claim has been made in accordance with this title." *Id*. The line of cases that believes the word "registration" refers to the moment that a plaintiff delivers the fee, deposit and application to the Copyright Office ignores that "[a] certificate of registration satisfies the requirements of this section" (*id*., § 411(b)(1)) and that, in order to forgo the actual certificate, the statute requires that "registration has been refused." *Id*., § 411(a). Miller does not allege that his registration was refused but, instead, alleges that it currently is pending. Compl. ¶ 25. The plain language of the statute, therefore, requires that Miller's Copyright Infringement claim be dismissed.

## IV.   CONCLUSION

For all of the foregoing reasons, Plaintiff's complaint should be dismissed in its entirety as to Defendant Facebook under Federal Rules 8, 12(b)(6), and 12(b)(1). Facebook also respectfully requests that Plaintiff be required to file an amended complaint removing Facebook from the caption.

Dated: February 2, 2010    Orrick, Herrington & Sutcliffe LLP

/s/ Thomas J. Gray /s/
Thomas J. Gray
Attorneys for Defendant
FACEBOOK, INC.