United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL M. MILLER,

    Plaintiff,

  v.

FACEBOOK, INC. and YAO WEI YEO,

    Defendants.
                                      /

No. C 10-00264 WHA

**ORDER REGARDING MOTION TO DISMISS AND PRO HAC VICE APPLICATIONS**

       This action was transferred from the Northern District of Georgia and assigned to the undersigned district judge on January 25, 2010 (Dkt. Nos. 18, 22). Defendant Facebook, Inc. promptly filed a motion to dismiss on February 2, 2010, with a hearing noticed for March 11 (Dkt. No. 25). Under the Civil Local Rules, an opposition to this motion should have been received by February 18, 2010. No opposition was filed. As such, the hearing on the motion was vacated and an order to show cause was issued earlier this morning (Dkt. No. 27).

       This afternoon, counsel for plaintiff informed the Clerk that they had not filed their opposition to the pending motion because they had yet to file their *pro hac vice* applications to practice in this district. Apparently, they have been unable to find local counsel for their applications pursuant to Civil Local Rule 11-3(a)(3). The Northern District of California is a national court in the sense that *hundreds* of out-of-state attorneys appear every year. In all of the undersigned's long experience as both a judge and practitioner, he has never encountered a

situation where a non-resident attorney was unable to comply with local *pro hac vice* rules. Counsel are urged to redouble their efforts.

Counsel shall have until **NOON ON TUESDAY, MARCH 2, 2010**, to file their *pro hac vice* applications. If these applications properly conform to Civil Local Rule 11-3, they will be promptly approved. Assuming that these applications are received and properly submitted by this deadline, counsel shall have until **THURSDAY, MARCH 4, 2010**, to file their opposition to the pending motion to dismiss. If all these deadlines are met, the undersigned will file an additional order setting a deadline for defendant's reply brief (likely one week after the opposition is filed) and a hearing on the motion (likely two weeks after the opposition is filed). If, however, these deadlines are *not* met, defendant's motion may be granted in full. Counsel are also ordered to notify their client, Daniel Miller, of this order.

Given that the Court is now aware of counsel's "explanation" regarding the missing opposition brief, the order to show cause filed earlier this morning is **VACATED**.

**IT IS SO ORDERED.**

Dated: February 23, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2