D. GILL SPERLEIN (172887)
THE LAW OFFICE OF D. GILL SPERLEIN
584 Castro Street, Suite 879
San Francisco, California 94114
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

DOUGLAS L. BRIDGES (*pro hac vice pending*)
HENINGER GARRISON DAVIS LLC
1 Glenlake Parkway, Suite 700
Atlanta, Georgia 30328
Telephone: (678) 638-6309
Facsimile: (678) 638-6142
dbridges@hgdlawfirm.com

BRIAN D. HANCOCK (*pro hac vice pending*)
HENINGER GARRISON DAVIS LLC
2224 1st Avenue North
Birmingham, AL 35203
Telephone: (205) 326-3336
Facsimile: (205) 326-3332
bdhancock@hgdlawfirm.com

Attorneys for Plaintiff,
DANIEL M. MILLER

FILED
2010 FEB 24 P 12: 29
RICHARD W. WIEKING
CLERK, U.S. DISTRICT...
NORTHERN...

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL M. MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>FACEBOOK, INC. and YAO WEI YEO,<br><br>Defendants. | CASE NO.: CV-10-264 (WHA)<br><br>**PLAINTIFF DANIEL MILLER'S OPPOSITION TO DEFENDANT FACEBOOK, INC.'S MOTION TO DISMISS COMPLAINT** |

COMES NOW Plaintiff Daniel M. Miller ("Plaintiff") and moves this Court to deny Defendant Facebook, Inc.'s ("Defendant") Motion to Dismiss Complaint pursuant to Rules 8(a), 12(b)(6), and 12(b)(1), Fed. R. Civ. P., filed on February 2, 2010 ("Defendant's Motion"), and in support thereof, the Plaintiff would state the following:

## I. INTRODUCTION

In its Motion, the Defendant contends that (1) the Court does not have subject matter jurisdiction of Plaintiff's copyright infringement claim, under Rule 12(b)(1), Fed. R. Civ. P., because the Plaintiff applied for registration of his copyright claim prior to filing the Complaint but without first obtaining registration; (2) that the Plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6), Fed. R. Civ. P., because his averments and allegations of copyright infringement and violations of §43(a) of the Lanham Act, 15 U.S.C. §1125(a), fail to meet the pleading standards set forth by the United States Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*") and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ("*Iqbal*"); and (3) the Plaintiff's claim under the Georgia Deceptive Trade Practices Act is barred by the Communications Decency Act and preempted by the Copyright Act. The Defendant's Motion has no merit.[1] This Court has subject matter jurisdiction over the Plaintiff's copyright infringement claim and there is ample authority, including prior decisions in this District as well as persuasive authority from foreign jurisdictions, including the Eleventh Circuit where Plaintiff originally filed his Complaint (i.e. the Northern District of Georgia), that the filing of an application for registration of a copyright confers both standing on the Plaintiff to file an infringement claim and jurisdiction of such an action on the Court in front of which the claim is

---

[1] Plaintiff voluntarily agrees to dismissal without prejudice of Counts Two and Three of his Complaint.

pending. As to the Defendant's contentions regarding the insufficiency of the Plaintiff's allegations of copyright infringement, the Defendant is requesting dismissal when it is essentially alleging insufficient notice. The averments and allegations in the Plaintiff's Complaint give fair notice to the Defendant as to its alleged copyright infringement. The actions on the part of the Defendant as alleged in the complaint create a plausible cause of action which is sufficient to overcome the Defendant's Motion.

## II.     ARGUMENT

### 1. This Court has Subject Matter Jurisdiction over Plaintiff's Copyright Infringement Claim.

In Paragraph 13 of his Complaint, the Plaintiff alleges that he "has filed a registration for a copyright in *Boomshine* with the United States Copyright Office." The Defendant contends that this alone is not enough to confer this Court with jurisdiction over the Plaintiff's claim of copyright infringement while in the same breath acknowledging that courts of the Northern and Central District of California have held otherwise. *See* n.3 of Defendant's Motion (Doc. 25), p. 8. In addition to the cases cited by the Defendant in its footnote, in *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F.Supp.2d 1083, 1090-1091 (N.D.Cal. 2008) ("*Penpower*"), the court, when considering whether or not the plaintiffs had properly alleged ownership of a copyright in connection with the court's analysis of the propriety of entering default judgment against certain defendants, held that the plaintiffs' allegation that it had "filed [an] application for registration with the United States Copyright Office" constituted a sufficiently pled claim of copyright infringement. In so holding, the *Penpower* court concluded that "the plain language of §411 [of the Copyright Act] permits a plaintiff to initiate a copyright infringement claim before the actual issuance of a registration certificate" and that the plaintiffs' allegation that it had filed an application for registration was equivalent to "preregistration" as set forth in §411(a). *Penpower*,

-3-

627 F.Supp.2d at 1091. Furthermore, in *Identity Arts v. Best Buy Enter. Serv. Inc.*, 2007 WL 1149155 (N.D. Cal. April 18, 2007) at *6, the court stated that it would be within its authority to allow a copyright infringement action to be initiated prior to actual issuance of a registration certificate but *after* the filing of an application for registration. This is in keeping with the reasoning of the leading treatise on copyright law, *Nimmer on Copyright*. "Given the fact that a subsequently issued registration is deemed effective on the day the Copyright Office received the application, fee and deposit, Nimmer opines that 'it makes sense…to refer to *application for registration* as a condition to filing an infringement action, whereas *issuance of a registration certificate* is a condition to statutory damages, *prima facie* registration, constructive notice, and…other consequences….'" *Breakdown Serv., Ltd. v. My Entertainment World, Inc.*, 2009 WL 3045807 (C.D.Cal. Sep. 18, 2009) at *2 (*citing* 2 Melville B. Nimmer and David Nimmer, NIMMER ON COPYRIGHT, § 7.16[B][1][a] at p. 7-155 (2005)).

It must also be remembered that the Plaintiff is a resident of Marietta, Georgia, and originally filed this action in the Northern District of Georgia. *See* Plaintiff's Complaint (Doc. 1), ¶ 1. The Eleventh Circuit has stated that "the case law is clear that only those copyright holders *that at least apply to register their copyrights* may invoke the subject matter jurisdiction of the federal courts in an infringement suit." *Stuart Weitzman, LLC v. Microcomputer Resources, Inc.*, 542 F.3d 859, 863 (11th Cir. 2008) (*citing La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1199 (10th Cir. 2005)).

Accordingly, the Defendant's Motion is due to be denied.

**2. The Plaintiff's Allegations of Copyright Infringement Satisfy Rule 8(a), Fed. R. Civ. P., and the Pleading Standards Set Forth by the United States Supreme Court.**

-4-

When addressing the propriety of a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P., the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). Motions to dismiss pursuant to Rule 12(b)(6) are typically disfavored; complaints are construed liberally to set forth some basis for relief, as long as they provide basic notice to the defendants of the charges against them. *In re Rigel Pharm., Inc. Securities Litigation*, 2009 WL 5125344 (N.D. Cal. Dec. 21, 2009) at *5. The notice pleading standard of Rule 8(a)(2) requires a plaintiff to give a short and plain statement "plausibly suggesting ...that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557. Under this standard, a claim is facially plausible where "the pleaded factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1940. "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

The elements of a *prima facie* claim of copyright infringement are (1) ownership of a valid copyright; and (2) defendant's copying of constituent elements of the original work. *See, e.g., Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The existence of the first element is satisfied, for purposes of responding to Defendant's Motion, in Section II.1 of this brief which clearly sets forth the averment in Plaintiff's Complaint (e.g. Paragraph 13) sufficient to meet the requirements of Rule 8(a), Fed.R. Civ. P., and the pleading standards set forth above. In its Motion, however, the Defendant encourages the Court to disregard the allegations made by the Plaintiff in Paragraph 13 of his Complaint, and as grounds therefore, argues that the cease and desist letters attached to the Complaint as Exhibits A and B assert that the Plaintiff's company,

K2xl, LLC, is the "owner of the [sic] all right, title and interest in copyrights...including certain flash video games known as Boomshine...." *See* Defendant's Motion (Doc. 25), p. 4. In response to this, the Plaintiff need only remind the Defendant that when deciding a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The fact that a cease and desist letter was sent to the Defendants asserting that the Plaintiff's company, K2xL, LLC, is the owner of any right, title, or interest in copyrights concerning the *Boomshine* game is not sufficient grounds for the total disregard of the properly pled averment in Paragraph 13 of the Plaintiff's Complaint , as urged by the Defendant, nor should it render a well-established principle of the 12(b)(6) analysis inapplicable and of no consequence.

As to the second element, the averments of the Plaintiff's Complaint clearly and unequivocally allege that Defendant Yao Wei Yeo does business on the Defendant's web site and published the infringing game, *ChainRxn*, on a website hosted by the Defendant. *See* Plaintiff's Complaint (Doc. 1), ¶¶ 14, 15. It is also alleged that *ChainRxn* copies the look and feel of *Boomshine* "by incorporating almost every visual element of the game", that the Defendant advertises on its webpage which contains *ChainRxn*, that the Defendant was notified of its infringing activity consisting of the unauthorized copying, reproduction and distribution of *ChainRxn*, that this activity is unlawful pursuant to 17 U.S.C. §501, and that the Defendant did nothing in response to this notification. *See* Plaintiff's Complaint (Doc. 1), ¶¶ 17, 19, 20, 25, 27, 31. It begs the question what further notice does the Defendant require as to the Plaintiff's claim of copyright infringement and the grounds upon which it rests. In accordance with Rule 8(a)(2), the Plaintiff has given a short and plain statement plausibly suggesting that he is entitled to relief. Thus, the Defendant's Motion is due to be denied.

However, should the Court conclude that the Defendant's arguments have merit and that its Motion is due to be granted, the Plaintiff would move this Court, as an alternative to dismissal and pursuant to Rules 15(a)(1)(B) and/or (a)(2), Fed. R. Civ. P., for leave to amend its complaint so as to satisfy whatever pleading deficiencies the Court identifies.

Dated 2/24/10

Respectfully submitted,

D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN
584 Castro Street, Suite 879
San Francisco, CA 94114
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
E-mail: gill@sperleinlaw.com

## CERTIFICATION OF INTERESTED PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

DANIEL M. MILLER

Dated: 2/24/10

Respectfully submitted,

D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN

Attorney for Plaintiff
DANIEL M. MILLER

-7-

## PROOF OF SERVICE BY MAIL

Gill Sperlein Certifies that:

I am an active member of the State Bar of California and am not a party to this action. My business address is 584 Castro Street, Suite 879, San Francisco, California, 94114. Today, I deposited in the United States mail at San Francisco, California a copy of the attached:

- **PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**
- **APPLICATION FOR ADMISSION OF DOUGLAS L. BRIDGES, *PRO HAC VICE***
- **APPLICATION FOR ADMISSION OF DOUGLAS L. BRIDGES, *PRO HAC VICE***
- **PROPOSED ORDERS RE *PRO HAC VICE* APPLICATIONS**

In a sealed envelope, with postage fully prepaid, addressed to:

I. Neel Chatterjee, Esq. (nchatterjee@orrick.com)
Thomas J. Gray, Esq.(tgray@orrick.com)
Julio C. Avalos, Esq. (javalos@orrick.com)
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94205

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Date: February 24, 2010

D. Gill Sperlein

-8-