I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
THOMAS J. GRAY (STATE BAR NO. 191411)
tgray@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:   650-614-7400
Facsimile:   650-614-7401

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL M. MILLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FACEBOOK, INC. and YAO WEI YEO,<br><br>　　　　　Defendants. | Case No.  3:10-CV-00264 (WHA)<br><br>**FACEBOOK INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date:　　March 18, 2010<br>Time:　　8:00 A.M.<br>Court:　　Courtroom 9, 19th Floor<br>Judge:　　Honorable William Alsup |

## I. INTRODUCTION

Plaintiff has withdrawn two of his three claims against Facebook. Dkt. No. 29 at 2, fn 1. The Court should now dispose of the third. As against Facebook, Plaintiff has failed to state a claim for copyright infringement. For starters, Plaintiff has not demonstrated ownership of a valid copyright interest in *Boomshine*, a necessary element of copyright standing. In fact, Plaintiff's own pleadings establish that the copyright interest to *Boomshine* is owned not by him, but by a corporate entity named K2xL, LLC ("K2xL"). Plaintiff does not dispute this. Further, Plaintiff has failed to allege that Facebook copied anything from him, let alone that Facebook copied the "constituent elements" of his allegedly copyrighted work. And as an independent means for dismissal, Plaintiff has failed to register his copyright with the Copyright Office, a mandatory precondition to filing a copyright infringement claim. As another court in this District recently reaffirmed, *applied for registration* simply cannot mean the same thing as *obtained registration*. For these reasons, Facebook respectfully requests that the Court dismiss Plaintiff's sole remaining claim with prejudice.

## II. ARGUMENT

### A. Plaintiff Has Failed To State A Claim For Copyright Infringement Against Facebook.

#### 1. Plaintiff's Complaint Establishes That He Does Not Own The Alleged Copyright In *Boomshine*.

Plaintiff agrees that ownership of a valid copyright is a necessary element of a copyright claim. Dkt. No. 29 at 5. Plaintiff has failed to establish any such ownership in the *Boomshine* video game. Plaintiff does not dispute that the exhibits attached to his Complaint establish that he is not the owner of the *Boomshine* copyright. In fact, **Plaintiff does not dispute that a corporate entity named "K2xL is the owner of the [sic] all right, title and interest in copyrights . . . including certain flash video games known as Boomshine."** *Id.*, Exs. A-B (emphasis added). Nor does Plaintiff dispute that "only copyright owners and exclusive licensees of copyright may enforce a copyright or a license." *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1144 (9th Cir. 2008).

1  Instead, Plaintiff asks the Court to ignore his evidentiary exhibits because his Complaint
2  contains the allegation that Plaintiff "has filed a registration for a copyright in *Boomshine* with the
3  United States Copyright Office." Dkt. No. 29 at 3:11-12, citing Dkt. No. 1, ¶ 13. Plaintiff argues
4  that because, at this preliminary stage, the Court must accept a Complaint's allegations as true,
5  this paragraph on its own establishes ownership over the *Boomshine* copyright. This theory is
6  without merit. At most, Paragraph 13 of the Complaint alleges that Plaintiff was the one who
7  physically filed the registration application for *Boomshine*; the Complaint says nothing about
8  ownership interests in *Boomshine* or its copyright.

9  Even if Plaintiff had managed to allege such an ownership interest, that allegation would
10 be insufficient to overcome the factual evidence in Plaintiff's own exhibits, which establish that
11 K2xL, not Plaintiff, "is the owner of the [sic] all right, title and interest in copyrights" for
12 *Boomshine*." Dkt. 1, Exs. A-B. Plaintiff does not dispute this fact. Rather, Plaintiff attempts to
13 sidestep the issue by arguing that the Court should accept his allegations as true. But the Court is
14 "not required to accept as true conclusory allegations which are contradicted by documents
15 referred to in the complaint." *Morgan v. Cal. Dep't of Corr. & Rehab.*, No. 08-17063, 2010 U.S.
16 App. LEXIS 1089, at *2 (9th Cir. Jan. 11, 2010) (citing *Steckman v. Hart Brewing*, 143 F.3d
17 1293, 1295-96 (9th Cir. 1998); *Greenameyer v. Coate*, 212 U.S. 434, 443, 29 S. Ct. 345 (1909)
18 (dismissing allegation contained in petition where "the allegation is contradicted by the exhibits
19 which are attached to the petition and expressly made part thereof"). Plaintiff makes no attempt
20 to distinguish this line of cases, which Facebook cited in its opening brief. *See* Dkt. No. 25 at
21 4:10-13. Federal pleading standards may be liberal, but they do not require that the Court
22 suspend disbelief based on allegations contradicted by documents attached by Plaintiff to his own
23 Complaint.

24 Thus, Plaintiff has failed to meet the first factor for copyright infringement.

25     **2.**     <u>**In Addition To His Lack Of Copyright Ownership Interest, Plaintiff Has Failed To State A Claim For Copyright Infringement.**</u>
26

27 Plaintiff does not dispute that a claim of copyright infringement must be dismissed where
28 the Complaint lacks allegations sufficient to establish that the Defendant has copied "constituent

- 2 -

REPLY BRIEF ISO MOTION TO DISMISS
3:10-CV-00264 (WA)

elements" of an original work.  Dkt. 29 at 5:18-20.  Plaintiff has failed to make the requisite showing.

Plaintiff's allegations relating to Facebook establish, and are consistent with, the fact that Facebook is merely a passive conduit used by Defendant Yeo to publish his game.  *See*, *e.g.*, Dkt. No. 1, ¶ 15 ("Defendant Yeo published the game *ChainRxn* on a website hosted by Defendant Facebook."); *id.*, ¶ 18 (Defendant Yeo "published *ChainRxn* on Defendant Facebook's website").  Plaintiff still has not pointed to a single factual allegation that would establish that Facebook copied the constituent elements of *Boomshine*.  Indeed, in attempting to prove up this second element of copyright infringement, Plaintiff's Opposition highlights copying and other acts committed by Defendant Yeo, not Facebook.  *See* Dkt. No. 29 at 6:13-17 ("As to the second element, the averments of the Plaintiff's Complaint clearly and unequivocally allege that Defendant Yao Wei Yeo does business on the Defendant's web site and published the infringing game, *ChainRxn*, on a website hosted by the Defendant.").

Insofar as Plaintiff has failed to allege any affirmative copying by Facebook, this matter is similar to *Cutler v. Enzymes, Inc.*, No. C 08-04650 JF, 2009 U.S. Dist. LEXIS 17942, at *7-*9 (N.D. Cal. Feb. 23, 2009).  There, like here, the plaintiff claimed copyright infringement on the basis of conclusory allegations that the defendant had refused to stop publishing certain works following receipt of a demand letter.  Judge Fogel agreed that plaintiff's allegations were insufficient to establish "the copying of protected elements by the defendant" where plaintiff had "not allege[d] what acts during what period of time [defendant] infringed [plaintiff's] copyrights." *Id*. at *7-*8 (citations omitted).  Plaintiff had claimed that the complaint was sufficient because it alleged that defendants had refused to stop using certain "Published Works" and that, following their receipt of a demand letter, Defendants had actually "increased their use of the Mark and Publicity Rights, as well as the Published Works." *Id*. at *8 (citations omitted).  Relying on *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114 (C.D. Cal. 2001), the plaintiff argued that from this allegation "it may be inferred that [defendant] posted her copyright material on its website" and that regardless, because there was no heightened fact pleading standard in copyright matters, she, like the *Perfect 10* plaintiff, was not required to allege in detail every

- 3 -

REPLY BRIEF ISO MOTION TO DISMISS
3:10-CV-00264 (WA)

instance of copying by the defendant. *Id*. at *8-*9.

Judge Fogel distinguished *Perfect 10*, noting that the case had involved "hundreds, even thousands" of "alleged infringing photographs" and that federal pleading standards did not require that plaintiff's complaint "state every copyright relied on, every image being copied and the dates of the infringement." *Id*. On the other hand, Judge Fogel held, "[t]he instant case involves only three copyrighted books, and the complaint alleges far fewer discrete facts than did the complaint in *Perfect 10*." *Id*. Accordingly, the copyright claim was dismissed because plaintiff had failed to allege "specific facts related to the Published Work" and the alleged ways in which defendant had copied that work. *Id*. at *9.

Similarly, Mr. Miller has failed to allege what constituent elements of a registered, copyrighted work Facebook has copied from him. Accordingly, he has failed to meet the second element of copyright infringement. *See Lindsay v. R.M.S. Titanic*, No. 97 Civ. 9248 (HB), 1999 U.S. Dist. LEXIS 15837, at *9-*12 (S.D.N.Y. 1999) (dismissing copyright claim because allegations that defendant had "used plaintiff's name and likeness" and "knowingly and willfully infringe[d] upon Plaintiff copyright . . . by unlawfully purchasing and/or otherwise obtaining copies of the Subject Work . . . for . . . profit" were "vague and conclusory").

**B. Plaintiff's Copyright Claim Should Also Be Dismissed For Failure To Register His Copyright.**

As an independent reason for dismissal, prior to instituting this action, Plaintiff failed to register the *Boomshine* copyright with the Copyright Office. The Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration[1] or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. Section 411(a). Historically, courts of this and other California districts have not consistently determined whether the mere filing of a copyright registration application is sufficient to establish "registration" of the copyright. *See, generally*, Dkt. No. 25, fn 3.[2]

---

[1] "Preregistration" is a term of art developed in 17 U.S.C. Section 408(f) that permits the "preregistration" of a "work that is being prepared for commercial distribution and has not been published." The "preregistration" process is inapplicable here.

[2] On March 2, 2010, the Supreme Court of the United States issued a decision in *Reed Elsevier, Inc. et al. v. Muchnick et al.*, 559 U.S. ___, Slip Op. No. 08-103 (2010), that declared that while

Unsurprisingly, Plaintiff's Opposition cites to cases that appear to hold in the affirmative, most heavily relying on *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1090-91 (N.D. Cal. 2008) ("*Penpower*"). See Dkt. No. 29 at 3. However, this District's most recent precedent on the issue, *Kema, Inc. v. Koperwhats, et al.*, 658 F. Supp. 2d 1022, (N.D. Cal. Sep. 10, 2009) (J., Chesney) ("*Kema*") adopts the plain language of Section 411 of the Copyright Act and its clear requirement that ownership of a registration certificate—not application for one—is necessary prior to bringing suit on a copyright claim. Notably, the *Kema* court explicitly discounted the *Penpower* decision.

*Kema* held that merely applying for copyright registration did not satisfy Section 411(a)'s registration requirement and that precedent to the contrary (such as *Penpower*) was "based on either a less extensive or a less convincing analysis." *Id*. at 1090. For instance, the *Kema* decision noted that the *Penpower* holding was based on a mistaken interpretation of Section 411's "preregistration" requirements. *Kema* found far more "persuasive" the line of precedent that followed the plain meaning of Section 411's registration requirements. Cited as support were various cases from this and other California district courts, as well as Chief Judge Kozinski's opinion in *Int'l Trade Mgmt., Inc. v. United States*, 553 F. Supp. 402, 403 (Cl. Ct. 1982), where he noted that Section 411 "is clear" that suit for copyright infringement "is conditioned on obtaining (or being denied) a certificate of registration" and that "this requirement does not appear to be an oversight or mistake on the part of Congress." *Id*. at 1091 (listing remaining citations).

This Court should follow *Kema*'s sound reasoning and its plain reading of Section 411. To do otherwise would invite mischief and disorder, not only in this matter but in future copyright disputes. For instance, without a copyright registration, the trial court begins its analysis without

---

registration of a copyright is a precondition to filing a copyright infringement claim, that precondition is not jurisdictional in nature but rather a "claim processing rule." For the purposes of the instant motion, *Muchnick*'s effect is semantic. Whether the precondition is "jurisdictional" or a "claim processing rule" does not disturb that it is a precondition to sue in the first place. Indeed, in writing for the *Muchnick* court, Justice Thomas repeatedly echoed 411(a)'s statutory language and observed that the registration requirement "imposes a precondition to filing a claim." *Id*. at 11. For the Court's convenience, the *Muchnick* opinion is attached hereto as **Exhibit A**.

1   even the benefit of knowing whether the Copyright Office considered Plaintiff's work worthy of
2   copyright protection.  Further, without prior registration, copyright cases will necessarily devolve
3   into prolonged and elaborate battles as to what the plaintiff's "registered" copyrighted expression
4   even is.  Without the benefit of a registration conferred by the Copyright Office on tangible,
5   readily-identifiable expressions, it is entirely unclear from Plaintiff's Complaint what registered
6   elements of the *Boomshine* video game Facebook or Defendant Yeo are supposed to have copied.
7   Based on the pleadings, neither Facebook nor the Court is able to determine when or whether
8   Plaintiff's registration application was filed, what the status of that application is, or even whether
9   that application has already been denied.  The registration requirement is not only statutorily
10  mandated, it is sound legal policy.  *Cf. Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th
11  Cir. 2000) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not
12  joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants
13  suffer, and society loses confidence in the court's ability to administer justice.").[3]

### C.   Plaintiff's Withdrawn Claims Should Be Dismissed With Prejudice

15  Finally, Plaintiff has withdrawn counts two and three against Facebook, for Violation of
16  the Lanham Act and Violation of the Georgia Uniform Deceptive Trade Practices Act,
17  respectively.  Dkt. No. 29 at 2, fn 1.  By withdrawing his claims after Facebook had expended
18  resources to demonstrate their lack of validity—without so much as attempting to explain how
19  they were possibly viable—Plaintiff concedes that they lacked merit.  *See Lawrence v. Aurora*
20  *Loan Servs. LLC*, No. CV-F-09-1598, 2010 U.S. Dist. LEXIS 5373, at *33 (E.D. Cal. January 25,
21  2010) ("This Court construes plaintiff's withdrawal of the claim to concede the absence of its
22  viability.").  Accordingly, these claims should be dismissed with prejudice because no
23  amendment could possibly cure their deficiencies.  *See Tonsing v. City and County of San*
24  *Francisco*, No. C-09-01446 CW, 2010 U.S. Dist. LEXIS 5130, at *19, 21 (N.D. Cal. January 22,

---

[3] Plaintiff mistakenly looks to Eleventh Circuit precedent to support his registration theory.  First, this Court is not bound by Eleventh Circuit law, even if Plaintiff originally filed his case in Georgia.  Second, Eleventh Circuit jurisprudence does not help Plaintiff.  "In the Eleventh Circuit, simply filing an application for copyright registration is not sufficient to provide federal courts with jurisdiction."  *Kaye Homes, Inc. v. Original Customs Homes Corp.*, 2007 U.S. Dist. LEXIS 60847, at *6 (M.D. Fla. Aug. 20, 2007) (quoting *SM Licensing Corp. v. U.S. Medical Care Holdings, LLC*, No. 07-20293, 2007 WL 1238582 (S.D. Fla. Apr. 26, 2007).

1  2010) (dismissing with prejudice a claim that plaintiff volunteered to withdraw in his opposition
2  to defendant's motion to dismiss); *Lawrence*, 2010 U.S. Dist. LEXIS 5373, at *35 (dismissing
3  withdrawn claim with prejudice).

### III.  CONCLUSION

For the foregoing reasons, as well as those contained in its opening brief, Facebook respectfully requests that all three of Plaintiff's claims be dismissed with prejudice.

Dated: March 4, 2010　　　　　　　　　　　　Orrick, Herrington & Sutcliffe LLP


　　　　　　　　　　　　　　　　　　　　　　/s/ Julio C. Avalos
　　　　　　　　　　　　　　　　　　　　　　JULIO C. AVALOS
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　FACEBOOK, INC.

- 7 -　　REPLY BRIEF ISO MOTION TO DISMISS
　　　　3:10-CV-00264 (WA)