# EXHIBIT C

Dockets.Justia.com

BRADFORD J. BADKE (*pro hac vice*)
  jim.badke@ropesgray.com
JEANNE CURTIS (*pro hac vice*)
  jeanne.curtis@ropesgray.com
SONA DE (CSB # 193896)
  sona.de@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 596-9000
Facsimile:  (212) 596-9090

MARK D. ROWLAND (CSB # 157862)
  mark.rowland@ropesgray.com
GABRIELLE E. HIGGINS (CSB # 163179)
  gabrielle.higgins@ropesgray.com
ROPES & GRAY LLP
525 University Place
Palo Alto, CA 94301
Telephone:  (650) 617-4000
Facsimile:   (650) 617-4090

Attorneys for Defendants
NOVA BIOMEDICAL CORPORATION
and BECTON, DICKINSON AND COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| THERASENSE, INC. AND ABBOTT LABORATORIES,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>NOVA BIOMEDICAL CORPORATION AND BECTON, DICKINSON AND COMPANY,<br><br>　　　　Defendants.<br><br>AND CONSOLIDATED CASES | Case No.: C04-2123 WHA<br>Case No.: C04-3732 WHA<br>Case No.: C04-3327 WHA<br><br>**BD AND NOVA'S PROPOSED SPECIAL VERDICT FORM – '890 PATENT** |

1   BD and Nova respectfully submit this Proposed Special Verdict Form for the issues to be
2   tried on the '890 patent, which is only asserted against BD and Nova. BD and Nova direct the
3   Court to Bayer And BD/Nova's Proposed Joint Special Verdict Form On '551 Issues – Phases I -
4   III, submitted herewith, regarding their proposed jury instructions for the issues to be tried on the
5   '551 patent.
6   BD and Nova reserve the right to propose additional and modified verdict forms as the
7   issues to be tried are further framed by the parties and this Court.

## I.  **INFRINGEMENT**

1. Did Abbott prove that it is more likely than not that BD and Nova's blood glucose test strips literally have "an elongated electrode support defining a sample transfer path for directional flow of the sample from an application point along said electrode support"?

   BD™ Test Strips:    Yes____ (for Abbott)   No____ (for BD and Nova)

2. Did Abbott prove that it is more likely than not that BD and Nova's blood glucose test strips have the substantial equivalent of "an elongated electrode support defining a sample transfer path"?

   BD™ Test Strips:    Yes____ (for Abbott)   No____ (for BD and Nova)

3. Did Abbott prove that it is more likely than not that BD and Nova's blood glucose test strips literally have a "covering layer having an aperture for receiving sample into said enclosed space"?

   BD™ Test Strips:    Yes____ (for Abbott)   No____ (for BD and Nova)

4. Did Abbott prove that it is more likely than not that BD and Nova's blood glucose test strips have the substantial equivalent of a "covering layer having an aperture for receiving sample"?

   BD™ Test Strips:    Yes____ (for Abbott)   No____ (for BD and Nova)

5. Did Abbott prove that it is more likely than not that every element of the asserted claims of the '890 patent is included in BD and Nova's blood glucose test strips?

   BD™ Test Strips:    Yes____ (for Abbott)   No____ (for BD and Nova)

.

## II. ANTICIPATION

Did BD and Nova prove that it is highly probable that the asserted claims of the '890 patent are anticipated by the prior art?

    Yes _____ (for BD and Nova)    No _____ (for Abbott)

## III. OBVIOUSNESS

Did BD and Nova prove that it is highly probable that the asserted claims of the '890 patent are obvious in light of the prior art?

    Yes _____ (for BD and Nova)    No _____ (for Abbott)

## IV. WRITTEN DESCRIPTION

Did BD and Nova prove that it is highly probable that the specification of the '890 patent does not contain an adequate written description of the "an elongated electrode support defining a sample transfer path for directional flow of the sample from an application point along said electrode support" claim element?

    Yes _____ (for BD and Nova)    No _____ (for Abbott)

## V. PRIOR PUBLIC USE

Did BD and Nova prove that it is highly probable that the asserted claims of the '890 patent are invalid because products covered by the claims were in public use more than one year prior to the filing date of the patent?

    Yes _____ (for BD and Nova)    No _____ (for Abbott)

## VI.     MARKING

1.     Did Abbott prove that Abbott and its licensees marked substantially all Abbott Precision Xtra, Precision QID, Precision PCx, Relion, ExacTech, ExacTech RSG, and LifeScan FastTake products containing test strips with the number of the '890 patent prior to the filing of this lawsuit?

Yes _____ (for Abbott)     No _____ (for BD and Nova)

2.     If your answer to Question 1 is Yes, identify the date on which Abbott and its licensees started marking substantially all of Abbott Precision Xtra, Precision QID, Precision PCx, Relion, ExacTech, ExacTech RSG, and LifeScan FastTake products containing test strips with the number of the '890 patent: _____.

## VII. DAMAGES

1. What amount of lost profits damage, if any, has Abbott proven by a preponderance of evidence to a reasonable certainty, resulting from sales of **BD<sup>TM</sup> Test Strips starting on** the **earlier** of (1) the date, if any, that you wrote in response to Question 2 of the Marking section, or (2) March 4, 2005, and **ending** on September 30, 2006? _____

2. What is the reasonable royalty (in dollars) that Abbott proved BD and Nova should pay on sales of **BD<sup>TM</sup> Test Strips starting on** the **earlier** of (1) the date, if any, that you wrote in response to Question 2 of the Marking section, or (2) March 4, 2005, and **ending** September 30, 2006 for which you did **not** award lost profits? _____

## VIII. **WILLFULNESS**

1. Did Abbott prove that it is highly probable from an objective point of view that the defenses put forth by BD failed to raise a substantial question with regard to validity, infringement, or enforceability of the '890 patent?

      Yes _____ (for Abbott)      No _____ (for BD)

2. If you answered Yes to question 1, then did Abbott prove that it is highly probable that BD actually knew, or it was so obvious that BD should have known, that its actions constituted infringement of a valid and enforceable patent?

      Yes _____ (for Abbott)      No _____ (for BD)

3. Did Abbott prove that it is highly probable from an objective point of view that the defenses put forth by Nova failed to raise a substantial question with regard to validity, infringement, or enforceability of the '890 patent?

      Yes _____ (for Abbott)      No _____ (for Nova)

4. If you answered Yes to question 3, then did Abbott prove that it is highly probable that Nova actually knew, or it was so obvious that Nova should have known, that its actions constituted infringement of a valid and enforceable patent?

      Yes _____ (for Abbott)      No _____ (for Nova)

**WHEN YOU HAVE COMPLETED THIS VERDICT FORM, PLEASE HAVE THE FOREPERSON SIGN AND DATE IN THE SPACES INDICATED BELOW.**

**Dated:** _____                    _____
                                                    **FOREPERSON**