# EXHIBIT D

**Attorneys for Defendants,**
**ROCHE DIAGNOSTICS**
**CORPORATION and ROCHE**
**DIAGNOSTICS OPERATIONS, INC.**

KEKER & VAN NEST
ASHOK RAMANI (CA SBN 200020)
aramani@kvn.com
710 Sansome Street
San Francisco, CA 94111
Telephone:    (415) 391-5400
Facsimile:     (415) 397-7188

BARNES & THORNBURG LLP
DANIEL P. ALBERS (*pro hac vice*)
JONATHAN P. FROEMEL (*pro hac vice*)
daniel.albers@btlaw.com
jonathan.froemel@btlaw.com
One North Wacker Drive
Suite 4400
Chicago, IL 60606
Telephone:   (312) 357-1313
Facsimile:    (312) 759-5646

BARNES & THORNBURG LLP
DONALD E. KNEBEL (*pro hac vice*)
LYNN C. TYLER (*pro hac vice*)
donald.knebel@btlaw.com
lynn.tyler@btlaw.com
11 South Meridian Street
Indianapolis, IN 46204
Telephone:    (317) 236-1313
Facsimile:     (317) 231-7433

ROCHE DIAGNOSTICS OPERATIONS, INC.
Nancy G. Tinsley
Nancy.tinsley@roche.com
9115 Hague Road
Indianapolis, IN 46250
Telephone: (317) 521-2000
Facsimile: (317) 521-2883

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ABBOTT DIABETES CARE INC. and ABBOTT LABORATORIES,<br><br>Plaintiffs,<br><br>v.<br><br>ROCHE DIAGNOSTICS CORPORATION, ROCHE DIAGNOSTICS OPERATIONS, INC., and BAYER HEALTHCARE LLC,<br><br>Defendants. | CASE NO. 05-CV 3117 WHA<br><br>**ROCHE DIAGNOSTICS OPERATIONS, INC. AND ROCHE DIAGNOSTICS CORPORATION'S PROPOSED VERDICT FORM FOR PROPOSED PHASE II – INFRINGEMENT OF THE '551 PATENT AND FOR ALL ISSUES CONCERNING THE '745 PATENT**<br><br>Judge:  The Honorable William Alsup |

1    Roche incorporates by reference Bayer and BD/Nova's Proposed Special Verdict Form
2    applicable to this Court's proposed Phase I trial (invalidity and inequitable conduct re: the '551
3    patent) and Phase III trial (damages and willfulness re: the '551 patent).  Roche proposes the
4    following language with respect to the first portion of this Court's proposed Phase II trial
5    (infringement re: '551 patent), and with respect to the '745 patent.

## Phase II

**A. Direct Infringement of the '551 patent**

1. Has Abbott proven that is more likely than not:

    a.    That every requirement of claim 1 of the '551 patent is included in Roche's ACCU-CHEK® Aviva Test Strip?

        Yes _____    No _____

    b.    That every requirement of claim 2 of the '551 patent is included in Roche's ACCU-CHEK® Aviva Test Strip?

        Yes _____    No _____

    c.    That every requirement of claim 3 of the '551 patent is included in Roche's ACCU-CHEK® Aviva Test Strip?

        Yes _____    No _____

    d.    That every requirement of claim 4 of the '551 patent is included in Roche's ACCU-CHEK® Aviva Test Strip?

        Yes _____    No _____

    e.    That every requirement of claim 6 of the '551 patent is included in Roche's ACCU-CHEK® Aviva Test Strip?

        Yes _____    No _____

    f.    That every requirement of claim 1 of the '551 patent is included in Roche's ACCU-CHEK® Comfort Curve Test Strip?

        Yes _____    No _____

    g.    That every requirement of claim 2 of the '551 patent is included in Roche's ACCU-CHEK® Comfort Curve Test Strip?

|   |   |   |
|---|---|---|
| 1 | | Yes _____   No _____ |
| 2 | h. | That every requirement of claim 3 of the '551 patent is included in Roche's ACCU-CHEK® Comfort Curve Test Strip? |
| 4 | | Yes _____   No _____ |
| 5 | i. | That every requirement of claim 4 of the '551 patent is included in Roche's ACCU-CHEK® Comfort Curve Test Strip? |
| 7 | | Yes _____   No _____ |
| 8 | j. | That every requirement of claim 6 of the '551 patent is included in Roche's ACCU-CHEK® Comfort Curve Test Strip? |
| 10 | | Yes _____   No _____ |

If your answer to any part of question 1 is "yes," please go to [Defendants' Proposed Special Verdict Form re: Estoppel]. If your answer to question 1 is "no," go to question 2.

**B. Infringement of the '551 patent Under the Doctrine of Equivalents**

2a. If you have found that the following requirements are not literally found in Roche's ACCU-CHEK® Comfort Curve Test Strip, has Abbott proven that it is more likely than not that the ACCU-CHEK® Comfort Curve Test Strip has an equivalent part to that requirement?

    a.    a reference counterelectrode

           Yes _____   No _____

    b.    a mediator

           Yes _____   No _____

2b. If you have found that the following requirements are not literally found in Roche's ACCU-CHEK® Aviva Test Strip, has Abbott proven that it is more likely than not that the ACCU-CHEK® Aviva Test Strip has an equivalent part to that requirement?

    a.    a reference counterelectrode

           Yes _____   No _____

    b.    a mediator

           Yes _____   No _____

## '745 PATENT – FINDINGS ON INFRINGEMENT

**A. Contributory Infringement of claim 11 of the '745 patent**

1. Has Abbott proven that is more likely than not each and every one of the following is true: (i) that someone other than Roche performs every step of the method disclosed in claim 11 of the '745 patent; (ii) that Roche supplied an important component of performing the method; (iii) that the component was not a common component suitable for non-infringing use; <u>and</u> (iv) that Roche supplied the component with knowledge of the '745 patent and knowledge that the component was especially made or adapted for use in an infringing manner?

Yes _____   No _____

**B. Inducing Infringement of claim 11 of the '745 patent**

2. Has Abbott proven that is more likely than not each and every one of the following is true: (i) that someone other than Roche performs every step of the method disclosed in claim 11 of the '745 patent; (ii) that Roche took action that actually induced that person to perform every step of the method; (iii) that Roche was aware of the '745 patent; <u>and</u> (iv) that Roche knew or should have known that taking such action would induce direct infringement?

Yes _____   No _____

## '745 PATENT - FINDINGS ON INVALIDITY

(The questions regarding invalidity should be answered regardless of your findings with respect to infringement.)

**A.   Anticipation**

3.   Has Roche proven that it is highly probable that claim 11 of the '745 patent is anticipated by a prior art reference?

Yes _____   No _____

**B.   Obviousness**

4.   Has Roche proven that it is highly probable that claim 11 of the '745 patent is obvious in light of the prior art?

Yes _____ No _____

**C. Written Description Requirement**

5.   Has Roche proven that it is highly probable that the specification of the '745 patent does not contain an adequate written description of the claimed invention?

Yes _____   No _____

**D. Enablement**

6. Has Roche proven that it is highly probable that the specification of the '745 patent does not contain a description of the claimed invention that is sufficiently full and clear to enable persons of ordinary skill in the field to make and use the invention to the full extent of claim 11?

Yes _____   No _____

**E. Statutory Bar**

7. Has Roche proven that it is highly probable that claim 11 of the '745 patent was not filed within the time required by law?

Yes _____   No _____

**F. Inventorship**

8. Has Roche proven that it is highly probable that Nigel Surridge should have been named as an inventor of the '745 patent?

Yes _____   No _____

**'745 FINDINGS ON UNENFORCEABILITY**

9.   Did Roche prove that it is highly probable that Mr. Feldman, Mr. Heller or Mr. Colman withheld material information with the intent to deceive the U.S Patent Office during the prosecution of the '745 patent?

Yes _____   No _____

10.   Did Roche prove that it is highly probable that Mr. Heller, Ms. Liepa, or Mr. Black withheld material information with the intent to deceive the U.S Patent Office during the prosecution of the '745 patent?

Yes _____   No _____

**'745 FINDINGS ON DAMAGES AND WILLFULNESS (IF APPLICABLE)**

11. What amount of lost profits damage, if any, has Abbott proven to a reasonable certainty, resulting from Roche's sale of ACCU-CHEK® Aviva system between August 1, 2005, and September 17, 2007? _____

12. What is the reasonable royalty (in dollars) that Abbott proved Roche should pay on Roche's sale of ACCU-CHEK® Aviva system between August 1, 2005, and September 17, 2007 for which you did **not** award lost profits? _____

13. Did Abbott prove that it is highly probable from an objective point of view that the defenses put forth by Roche failed to raise a substantial question with regard to validity, infringement, or enforceability of the '745 patent?

        Yes _____ (for Abbott)        No _____ (for Roche)

14. If you answered Yes to question 13, then did Abbott prove that it is highly probable that Roche actually knew, or it was so obvious that Roche should have known, that its actions constituted infringement of a valid and enforceable patent?

        Yes _____ (for Abbott)    No _____ (for Roche)

**WHEN YOU HAVE COMPLETED THIS VERDICT FORM, PLEASE HAVE THE FOREPERSON SIGN AND DATE IN THE SPACES INDICATED BELOW**

    DATED:_____, 2008    By:_____
                                                                Presiding Juror

Roche Diagnostics Corporation
Roche Diagnostics Operations, Inc.


By: _____
    One of their Attorneys

BARNES & THORNBURG LLP
Donald E. Knebel
Daniel P. Albers
Lynn C. Tyler
Paul B. Hunt
Jonathan P. Froemel


KEKER & VAN NEST, LLP
Ashok Ramani


ROCHE DIAGNOSTICS OPERATIONS, INC.
Nancy G. Tinsley

Attorneys for Defendants/Counterplaintiffs

CHDS01 464754v1

-7-

ROCHE DIAGNOSTICS OPERATIONS, INC. AND
ROCHE DIAGNOSTIC CORPORATION'S
PROPOSED VERDICT FORM