IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL M. MILLER, | No. C 10-00264 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| FACEBOOK, INC. and YAO WEI YEO, | |
| Defendants. | |

## INTRODUCTION

In this action for copyright infringement, defendant Facebook, Inc. moves to dismiss plaintiff Daniel Miller's complaint. Plaintiff alleges copyright infringement only. The complaint alleges that defendant Facebook infringed on plaintiff's copyright of the video game Boomshine by allegedly publishing, among other things, a similar video game on its application directory. For the following reasons, defendant's motion to dismiss is **GRANTED**.

## STATEMENT

Plaintiff's complaint against defendants Facebook and Yao Wei Yeo alleges the following facts which are accepted as true for the purposes of this order.

In early 2007, plaintiff allegedly authored the video game Boomshine. Boomshine is played on the internet. The game requires players to click on a floating circle that causes the clicked circle to expand and contact other floating circles that expand when contacted. On March 9, 2007, plaintiff published the video game on the website K2xL.com. Plaintiff was granted a copyright registration for Boomshine by the United States Copyright Office.

The complaint alleges that defendant Yeo does business as Zwigglers Apps on the websites www.facebook.com/zwigglers and www.zwigglers.com. At least as early as April of 2009, defendant Yeo "published the game *ChainRxn* on a website hosted by Defendant Facebook" (Compl. ¶ 14). Defendant Facebook, in turn, "published *ChainRxn* in their [sic] Application Directory which allows every Facebook user to search and view the application from within the directory" (Compl. ¶ 15). Furthermore, plaintiff alleges that defendant Facebook "took affirmative steps to approve *ChainRxn* for publication on its Application Directory" (Compl. ¶ 16). The complaint's description of ChainRxn is identical to its description of Boomshine.

The complaint does not specify what exactly is published on defendant Facebook's website with regard to ChainRxn. In other words, the complaint does not allege whether defendant Facebook's website contains information about ChainRxn, a link to the ChainRxn game, the actual ChainRxn game, pictures of the ChainRxn game, or a combination of these and/or other things. The complaint also does not specify what Facebook users are allowed to "search and view" on the application directory. Furthermore, plaintiff does not explain how defendant Facebook "host[s]" the website on which the ChainRxn game is located. It is unclear how the website that contains the ChainRxn game is connected to defendant Facebook, and it is unclear how defendant Facebook manages the website, if at all.

On May 7, 2009, plaintiff's counsel sent a letter to defendants Facebook and Yeo, demanding that it remove ChainRxn from its website because it violated his copyright to Boomshine. Plaintiff alleges that defendant Yeo received the letter and modified ChainRxn to prevent plaintiff or anyone listed as plaintiff's "friend" on defendant Facebook's website from accessing or viewing ChainRxn. Plaintiff alleges that defendants have not removed ChainRxn from defendant Facebook's website.

The complaint contains one claim for copyright infringement pursuant to Section 501 of the Copyright Act. Plaintiff alleges that defendant Facebook, without authorization, "reproduced and distributed" ChainRxn (Compl. ¶ 26). Plaintiff also alleges that defendant Facebook "induced and encouraged" the infringement of Boomshine because it refused to remove

1 ChainRxn from its website after being notified of plaintiff's copyright of Boomshine (Compl. ¶
2 27). Furthermore, plaintiff alleges that he did not authorize defendant Facebook's "copying,
3 display or distribution" of infringing copies of his work (Compl. ¶ 29).

4 On October 9, 2009, plaintiff filed this action in the United States District Court for the
5 Northern District of Georgia, Atlanta Division. The action was transferred to the Northern
6 District of California. Defendant Facebook then filed the instant motion to dismiss. The day
7 before the hearing, plaintiff filed a first amended complaint, possibly rendering defendant
8 Facebook's motion to dismiss moot. At the hearing, the Court allowed the parties to file
9 supplemental briefs in light of the first amended complaint. In addition to the supplemental
10 briefing, this order will treat defendant Facebook's motion to dismiss as renewed to the first
11 amended complaint. All references to the "complaint" in this order are to the first amended
12 complaint.

**ANALYSIS**

**1. LEGAL STANDARD.**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th. Cir. 1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th. Cir. 1996). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted).

Defendant Facebook asserts that plaintiff's copyright infringement claim should be dismissed because he fails to state a claim for direct and/or indirect copyright infringement. Because plaintiff alleges only one claim for copyright infringement, without specifying whether he is pursuing a claim for direct or indirect copyright infringement, this order will address the

3

factual sufficiency of the complaint as if plaintiff intended to capture both claims under his one claim.

### 2. DIRECT COPYRIGHT INFRINGEMENT.

Defendant Facebook asserts that plaintiff's claim for direct copyright infringement should be dismissed because plaintiff failed to adequately allege that defendant Facebook infringed on his copyright of Boomshine. In order to state a claim for direct copyright infringement, plaintiff must satisfy two requirements: "(1) [plaintiff] must show ownership of the allegedly infringed material and (2) [plaintiff] must demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). The parties do not dispute plaintiff's ownership of Boomshine. Plaintiff has sufficiently alleged ownership because he was granted a copyright registration for Boomshine by the United States Copyright Office. The issue, therefore, rests on whether plaintiff alleges sufficient factual allegations that demonstrate that defendant Facebook violated at least one exclusive right granted to plaintiff under Section 106 of the Copyright Act.

Section 106 of the Copyright Act stated, in relevant part, as follows:

> Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
>
>> (1) to *reproduce* the copyrighted work in copies or phonorecords;
>>
>> . . .
>>
>> (3) to *distribute* copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease or lending;
>>
>> . . .
>>
>> (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to *display* the copyrighted work publicly;
>>
>> . . . .

4

17 U.S.C. 106 (emphasis added). Plaintiff alleges that he did not authorize defendant Facebook to copy, display or distribute infringing copies of Boomshine. Plaintiff, however, does not allege sufficient factual allegations to suggest how defendant Facebook copied, displayed or distributed infringing copies of Boomshine. The complaint merely alleges that defendant Facebook "published *ChainRxn* in their [sic] Application Directory" and that defendant Facebook "took the affirmative step to approve *ChainRxn* for publication on its Application Directory" (Compl. ¶¶ 15, 16). As alleged, the application directory "allows every Facebook user to search and view the application from within the directory" (Compl. ¶ 15). These allegations are insufficient. The complaint does not specify what is actually published on the application directory. As the complaint currently reads, it is unclear whether defendant Facebook published a copy of the game on its application directory, published a link to the game, included a place for Facebook users to blog about the game, or published a combination of these and/or other things.

Alleging that the application directory allows every Facebook user to "search and view" the application from within the directory is vague and also very different from alleging that the application directory allows Facebook users to play the ChainRxn game from within the directory. This difference is important because of its legal implications. If plaintiff wishes to proceed with his direct copyright infringement claim, he must include sufficient factual allegations that explain how defendant Facebook copied, displayed or distributed infringing copies of Boomshine. Mere legal conclusions disguised as factual allegations will not suffice. *Twombly*, 550 U.S. at 555. Accordingly, defendant Facebook's motion to dismiss plaintiff's direct copyright infringement claim is **GRANTED**.

### 3. INDIRECT COPYRIGHT INFRINGEMENT.

Defendant Facebook asserts that plaintiff's claim for indirect copyright infringement should be dismissed because the complaint lacks sufficient factual allegations to state a claim for indirect copyright infringement against defendant Facebook. Plaintiff may allege a claim for indirect copyright infringement by either alleging contributory or vicarious infringement. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1169 (9th Cir. 2007). As a threshold matter, however, plaintiff must first establish that there has been direct copyright infringement by a third

5

party. *Napster*, 239 F.3d at 1013 n.2 ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party."). Here, plaintiff establishes this prerequisite. The complaint alleges that at least as early as April of 2009 "Defendant Yeo published the game *ChainRxn* on a website hosted by Defendant Facebook" (Compl. ¶ 14). The complaint's description of ChainRxn is the same as its description of Boomshine (Compl. ¶¶ 10, 17). The complaint further alleges that "ChainRxn copies the look and feel of Boomshine by incorporating almost every visual element of the game" (Compl. ¶ 18). These factual allegations are sufficient to establish that defendant Yeo, a third party, directly infringed on plaintiff's copyright. Given that plaintiff has satisfied this prerequisite, this order will now address whether plaintiff states a claim against defendant Facebook for either contributory or vicarious infringement.

### A. Contributory Infringement.

Defendant Facebook asserts that plaintiff fails to state a claim for contributory infringement because the complaint lacks sufficient factual allegations. "One infringes contributorily by intentionally inducing or encouraging direct infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). The Ninth Circuit interpreted the test established by the Supreme Court to mean that "one contributorily infringes when he (1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement. *Perfect 10, Inc., v. Visa Int'l Service, Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007).

Here, plaintiff alleges sufficient facts to demonstrate that defendant Facebook had knowledge of defendant Yeo's infringement of plaintiff's copyright. On May 7, 2009, plaintiff sent a letter to defendant Facebook demanding that it remove ChainRxn from its website because it violated plaintiff's copyright of Boomshine. A copy of the letter is appended to the complaint. The allegations in the complaint suffice for purposes of demonstrating that defendant Facebook had knowledge of a third party's infringement of Boomshine. Accordingly, plaintiff's allegations suffice as to the first element of contributory infringement against defendant Facebook.

Plaintiff's allegations, however, do not suffice as to the second element of contributory infringement. To state a claim for contributory infringement, plaintiff must allege facts showing

6

that defendant Facebook induced, caused or materially contributed to the infringing product. *Visa Int'l Services, Ass'n*, 494 F.3d at 796. No such factual allegations are included in the complaint. Plaintiff alleges that defendant Facebook "induced and encouraged" the infringement of Boomshine because it refused to remove ChainRxn from its website (Compl. ¶ 27). This allegation fails for two reasons. *First*, the complaint fails to allege what exactly defendant Facebook published on its website, making it impossible to determine what it refused to remove from its website. As mentioned above in the analysis of plaintiff's direct infringement claim, the complaint is ambiguous about what defendant Facebook published on its application directory. As the complaint currently reads, it appears that defendant Facebook published something on its website related to ChainRxn. What that something is remains a mystery. Given that the complaint is vague as to what was published on defendant Facebook's website, it is also vague as to what defendant Facebook refused to remove from its website. *Second*, merely alleging that defendant Facebook "induced and encouraged" the infringement of Boomshine is a legal conclusion disguised as a factual allegation. Because plaintiff's explanation for how defendant Facebook induced and encouraged infringement is flawed, his assertion that defendant Facebook "induced and encouraged" stands alone as merely a legal conclusion without factual support. Accordingly, plaintiff's allegations do not meet the second element for contributory infringement, and as a result, plaintiff fails to successfully allege a claim for contributory infringement as against defendant Facebook.

### B. Vicarious Infringement.

Defendant Facebook asserts that plaintiff fails to state a claim for vicarious infringement because the complaint lacks sufficient factual allegations. Vicarious infringement derives from the agency principles of respondeat superior. *Visa Int'l Services, Ass'n*, 494 F.3d at 802. "To state a claim for vicarious copyright infringement, a plaintiff must allege that the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *Ibid.* Here, plaintiff fails to satisfy the first element of the test. The complaint does not allege that defendant Facebook has the right and ability to supervise the infringing conduct. The complaint alleges that defendant Facebook "took the affirmative step to

7

approve *ChainRxn* for publication on its Application Directory" (Compl. ¶ 16). The application directory allows "every Facebook user to search and view the application from within the directory" (Compl. ¶ 15). Read together, these allegations do not demonstrate that defendant Facebook has the right and ability to supervise the infringing conduct because it is unclear what infringing material was published on defendant Facebook's website. This information is crucial, and without this information, any analysis of defendant Facebook's actions or inactions is mere speculation. Because plaintiff has not satisfied the first element of vicarious infringement, this order need not address the second element. Accordingly, plaintiff fails to successfully allege a claim for vicarious infringement as against defendant Facebook.

Given that plaintiff fails to allege sufficient facts to demonstrate either contributory or vicarious infringement, defendant Facebook's motion to dismiss plaintiff's claim for indirect infringement is **GRANTED**.

**CONCLUSION**

For the foregoing reasons, defendant Facebook's motion to dismiss is **GRANTED**. Within **FOURTEEN CALENDAR DAYS**, plaintiff may file a motion on a normal 35-day track seeking to cure the foregoing deficiencies and appending to the motion a proposed amended complaint. The motion should explain why each new claim overcomes the deficiencies. Leave to amend is otherwise denied.

**IT IS SO ORDERED.**

Dated: March 31, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE