D. GILL SPERLEIN (172887)
THE LAW OFFICE OF D. GILL SPERLEIN
584 Castro Street, Suite 879
San Francisco, California  94114
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

DOUGLAS L. BRIDGES (*pro hac vice*)
HENINGER GARRISON DAVIS, LLC
1 Glenlake Parkway, Suite 700
Atlanta, Georgia 30328
Telephone: (678) 638-6309
Facsimile: (678) 638-6142
dbridges@hgdlawfirm.com

BRIAN D. HANCOCK (*pro hac vice*)
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone: (205) 326-3336
Facsimile: (205) 326-3332
bdhancock@hgdlawfirm.com

Attorneys for Plaintiff,
DANIEL M. MILLER

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| DANIEL M. MILLER, | ) |
| Plaintiff, | ) **CASE NO.: CV-10-264 (WHA)** |
|  | ) |
| vs. | ) **SECOND AMENDED COMPLAINT** |
|  | ) |
| FACEBOOK, INC. and YAO WEI YEO, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

-1-

## SECOND AMENDED COMPLAINT

Plaintiff Daniel M. Miller ("Plaintiff"), for its complaint against Defendants Facebook, Inc. ("Facebook") and Yao Wei Yeo ("Yeo", collectively with Facebook as "Defendants"), hereby demands a jury trial and alleges as follows:

## THE PARTIES

1.      Plaintiff, Daniel M. Miller, is an individual residing at 2079 Kinsmon Drive, Marietta, Georgia 30062.

2.      On information and belief, Defendant Facebook, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 1601 S. California Avenue, Palo Alto, California 94304.

3.      Upon information and belief, Defendant Yeo is an individual with unknown address that was not ascertainable after reasonable diligence.

## JURISDICTION AND VENUE

4.      This action arises under the Laws of the United States, 17 U.S.C. § 1 et seq., including 17 U.S. § 501.

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1367 and 1338(a).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(b) and (c).

7.      On information and belief, Defendant Facebook is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in this State, including in this judicial district, through agents and

representatives and/or otherwise having substantial contacts with this State and this judicial district.

8.     On information and belief Defendant Yeo is subject to personal jurisdiction in this district by virtue of, among other things, committing acts of infringement in this State, including in this judicial district, as well as trying to specifically hide evidence of his infringement from specific residents of Georgia.

## FACTUAL BACKGROUND

9.     In early 2007, Plaintiff authored the video game *Boomshine*.

10.     *Boomshine* is a game played on the Internet using Adobe Flash ™ technology where players click on a floating circle that causes the clicked circle to expand and causes other contacted floating circles to likewise expand in a chain reaction.

11.     *Boomshine* was published by Plaintiff on the Internet on the website K2xl.com starting on March 9, 2007.

12.     Plaintiff was duly and lawfully granted a copyright registration on Boomshine by the United States Copyright Office with registration number TX0007089855.

13.     Defendant Yeo does business as Zwigglers Apps on the websites www.facebook.com/zwigglers and www.zwigglers.com.

14.     At least as early as April, 2009, Defendant Yeo published the game *ChainRxn* on a website hosted by Defendant Facebook.

-3-

15.    *ChainRxn* is a game played on the Internet using Adobe Flash™ technology where players click on a floating circle that causes the clicked circle to expand and causes other contacted floating circles to likewise expand in a chain reaction.

16.    The *ChainRxn* game was created and published utilizing the Facebook Developer Platform.

17.    When the *ChainRxn* game was initially published on Facebook until sometime after the initial filing of this action on October 9, 2009, users would access the game by navigating from a link at www.facebook.com/zwigglers.    This link would take the user to a Facebook webpage called the *ChainRxn* canvas page.

18.    The *ChainRxn* canvas page was a webpage sent from Facebook that provided information related to *ChainRxn*, advertisements from Facebook, and an embedded iFrame in the users' browser.  The Facebook canvas iFrame caused the users' browser to retrieve information from a website designated by Defendant Yeo while making it appear to the user that the user was receiving information hosted on, or provided by, the Facebook website.

19.    Defendant Yeo designed the *ChainRxn* application to interface with the Facebook social network.  When a user would access the *ChainRxn* canvas page, the *ChainRxn* application along with the information contained on the *ChainRxn* canvas page, such as the embedded Facebook iFrame, advertisements from Facebook, and information related to *ChainRxn*, would be downloaded to the users' computer's cache.  In this manner, the *ChainRxn* application, while not "hosted" on Facebook's servers, routinely drew information from Facebook's servers and was distributed to each user who accessed the

-4-

*ChainRxn* canvas page by way of the Facebook network.  When a user played *ChainRxn*, this fact, along with information such as high scores and invitations to play *ChainRxn*, would be disseminated to the user's "Friend" network by way of Facebook's servers.  This interfacing between the *ChainRxn* application and Facebook's servers was essential in generating interest in *ChainRxn* and distributing *ChainRxn* to Facebook's large user base. Facebook thereby facilitated access to the *ChainRxn* application significantly magnifying the effects of Defendant Yeo's direct infringement of the Plaintiff's copyright in *Boomshine*.

20.     Defendant Yeo unlawfully copied *Boomshine* by (1) improperly accessing and decompiling the *Boomshine* source code with a decompiling program, or by viewing the *Boomshine* application via the K2xl.com web site, and (2) then reproducing the *Boomshine* source code from the original decompiled source code, or by authoring, from the "look and feel" of the *Boomshine* application available on the K2xl.com web site, a source code designed and intended to result in the *ChainRxn* application that is substantially similar to *Boomshine* in its structure, sequence, organization, and/or user interface.

21.     Upon information and belief, Defendant Yeo agreed to the Facebook Statement of Rights and Responsibilities that provides Facebook the right to remove access to content through Facebook if that content infringes other people's intellectual property rights.

22.     Upon information and belief, Defendant Yeo agreed to the Facebook Statement of Rights and Responsibilities that provides Facebook the right to disable

Defendant Yeo's account for continued infringement of third-party intellectual property rights.

23.   Defendant Facebook published *ChainRxn* in their Application Directory which allows every Facebook user to search and view the application from within the directory.

24.   Defendant Facebook took the affirmative step to approve *ChainRxn* for publication on its Application Directory.

25.   *ChainRxn* copies the look and feel of *Boomshine* by incorporating almost every visual element of the game.

26.   After Defendant Yeo published *ChainRxn* on Defendant Facebook's website, members of the public were deceived regarding the origin of *ChainRxn*.

27.   Because of the ability to access *ChainRxn* through Facebook and the inclusion of *ChainRxn* on the Facebook application directory, Defendant Yeo was assisted in his ability to distribute infringing copies of the *ChainRxn* game to Facebook users across the United States and the world.

28.   Defendant Facebook provides advertisements on the webpage that hosts the *ChainRxn* game.

29.   On May 7, 2009, Plaintiff sent a letter to Defendant Facebook (attached hereto as Exhibit A) demanding that Facebook remove *ChainRxn* from its website because it violates Plaintiff's copyrighted *Boomshine*.

30.   The letter to Defendant Facebook provided Facebook specific knowledge about the infringement of Plaintiff's copyright by the *ChainRxn* game.

31.     On May 7, 2009, Plaintiff sent a letter to Defendant Yeo (attached hereto as Exhibit B) demanding that Defendant Yeo remove *ChainRxn* from the Facebook website because *ChainRxn* violates Plaintiff's copyrighted *Boomshine*.

32.     Upon information and belief, after Defendant Yeo received the letter from Plaintiff demanding that he remove *ChainRxn* from the Facebook website, Defendant Yeo modified *ChainRxn* to prevent Plaintiff or anyone listing Plaintiff as his "friend" on the Facebook website from accessing or viewing *ChainRxn*.

33.     Despite the demands by Plaintiff that Defendants remove *ChainRxn* from the Facebook website, they have refused to do so.

34.     Facebook could have simply prevented further infringement of Plaintiff's copyrights by removing end users' access to *ChainRxn* by disabling the Facebook account of Yeo and removing *ChainRxn* from the Facebook application directory.

**COUNT ONE**
**Copyright Infringement by Defendant Yeo**

35.     Plaintiff repeats and incorporates herein the entirety of the allegations contained in Paragraphs 1 though 32 above.

36.     Without authorization, Defendant Yeo reproduced and distributed the program *ChainRxn*, which infringes the copyright of the following Plaintiff-owned and copyrighted work by copying its look and feel:  *Boomshine*, U.S. Copyright Registration TX0007089855.

37.     Plaintiff did not authorize Defendant Yeo's copying, display or distribution of infringing copies of his work.

38.     Defendant Yeo knew that *ChainRxn* infringed Plaintiff's *Boomshine* copyright and that he did not have permission to exploit Plaintiff's work.

39.     Defendant Yeo knew his acts constituted copyright infringement.

40.     Defendant Yeo's conduct was willful within the meaning of the Copyright Act.

41.     As a result of his wrongful conduct, Defendant Yeo is liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501.   Plaintiff has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to his business reputation and goodwill.

42.     Plaintiff is entitled to recover damages, which include his losses and any and all profits Defendant Yeo has made as a result of his wrongful conduct.

## <u>COUNT TWO</u>
### (Contributory Copyright Infringement as to Defendant FaceBook, Inc.)

43.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 40, inclusive.

44.     Without authorization, Yao Wei Yeo reproduced, distributed and publicly displayed Plaintiff's work by and through the Facebook.com, directly infringing Plaintiff's copyrighted work.

45.     Defendant Facebook, Inc. contributed to Yeo's infringing acts.   Without authorization, Defendant Facebook induced and encouraged the infringement of the *Boomshine* work by refusing to remove access to *ChainRxn* from Facebook after receiving specific notice of its infringement of the copyright in *Boomshine* and by providing a

-8-

national and worldwide distribution channel of the *ChainRxn* game despite simple measures that could be taken to prevent the distribution of *ChainRxn* through Facebook.

46. Defendant Facebook, Inc. was aware of the infringing activity or was willfully blind to the infringing activity.

47. Defendant Facebook, Inc. allowed and encouraged Yeo to reproduce, distribute and publicly display Plaintiff's work by and through the Facebook.com.

48. Defendant Facebook, Inc. materially contributed to the infringement by providing the location and tools used for the infringing activity as described herein.

49. The acts and conduct of Facebook, Inc., as alleged above in this Second Amended Complaint constitute contributory copyright infringement.

50. As a result of its wrongful conduct, Defendant Facebook, Inc. is contributorily liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501 and interpreting case law. Plaintiff has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to his business reputation and goodwill.

51. Plaintiff is entitled to recover damages, which include his losses and any and all profits Defendant Facebook, Inc. has made as a result of its wrongful conduct.

///

///

///

///

///

///

-9-

# PRAYER

**WHEREFORE,** Plaintiff prays for a judgment against Defendants on all counts as follows:

A.     That this Court enter permanent injunctive relief enjoining and retraining Defendant Facebook, Inc. its officers, directors, employees, agents, licensees, servants, successors, and assigns, and any and all persons in active concert or participation with any of them, from the manufacture, publication, display, distribution, advertising of, sale, or offer for sale of *ChainRxn* and any other work which infringes Plaintiff's copyrights in *Boomshine*;

B.     That this Court enter permanent injunctive relief enjoining and restraining Defendant Yeo, his agents, licensees, servants, successors, and assigns, and any and all persons in active concert or participation with any of them, from the manufacture, publication, display, distribution, advertising of, sale, or offer for sale of *ChainRxn* and any other work which infringes Plaintiff's copyrights in *Boomshine*;

C.     That this Court enter an order adjudging that Defendants have willfully infringed upon Plaintiff's copyrights in and to *Boomshine*;

D.     That this Court require Defendants to disgorge and to account to Plaintiff for any and all profits derived by Defendants from the manufacture, production, publication, distribution, advertisement, sale, transfer or other exploitation of the game *ChainRxn* and any other work which infringes Plaintiff's copyrights in *Boomshine*;

E.     That this Court award Plaintiff damages against Defendants in an amount to be determined at Trial;

-10-

F.   That this Court grants such other and further relief as it shall deem just and proper, including interest and the costs and disbursements of this action.

PLAINTIFF DEMANDS A TRIAL BY JURY.


  s/ Brian D. Hancock
BRIAN D. HANCOCK (*pro hac vice*)
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama, 35203
Telephone: (205) 326-3336
Facsimile: (205) 326-3332

DOUGLAS L. BRIDGES (*pro hac vice*)
HENINGER GARRISON DAVIS, LLC
1 Glenlake Parkway, Suite 700
Atlanta, Georgia 30328
Telephone: 678-638-6309
Facsimile:  678-638-6142
Email: dbridges@hgdlawfirm.com

D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN
584 Castro Street, Suite 879
San Francisco, CA 94114
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
E-mail: gill@sperleinlaw.com

ATTORNEYS FOR PLAINTIFF