I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
THOMAS J. GRAY (STATE BAR NO. 191411)
tgray@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL M. MILLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FACEBOOK, INC. and YAO WEI YEO,<br><br>　　　　Defendants. | Case No. 3:10-CV-00264 (WHA)<br><br>**FACEBOOK, INC.'S ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:　Honorable William Alsup |

Defendant Facebook, Inc. ("Facebook") answers the Second Amended Complaint filed by Daniel M. Miller ("Miller") as follows:

## THE PARTIES

1. Facebook lacks sufficient information to admit or deny and on that basis denies the allegations of Paragraph 1 that Miller resides in Marietta, Georgia.

2. Facebook admits that it is a Delaware corporation with its principal place of business at 1601 S. California Avenue, Palo Alto, California 94304. Except as expressly admitted, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations of Paragraph 2.

3. Facebook lacks sufficient information to admit or deny and on that basis denies the allegations of Paragraph 3 that Defendant Yeo is an individual with unknown address that was not ascertainable after reasonable diligence.

## JURISDICTION AND VENUE

4. Facebook neither admits nor denies the allegations contained in Paragraph 4 because those allegations are conclusions of law to which no response is required. To the extent those allegations may be deemed allegations of fact, Facebook denies the allegations of Paragraph 4.

5. Facebook neither admits nor denies the allegations contained in Paragraph 5 because those allegations are conclusions of law to which no response is required. To the extent those allegations may be deemed allegations of fact, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations of Paragraph 5.

6. Facebook neither admits nor denies the allegations contained in Paragraph 6 because those allegations are conclusions of law to which no response is required. To the extent those allegations may be deemed allegations of fact, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations of Paragraph 6.

7. Facebook admits that it does business in the state of California, including within the Northern District of California. Except as expressly admitted, Facebook denies the allegations of Paragraph 7.

8. Facebook lacks sufficient information to admit or deny and on that basis denies the allegations of Paragraph 8.

**FACTUAL BACKGROUND**

9. Facebook neither admits nor denies the allegations contained in Paragraph 9 as it has no personal knowledge of when or if Plaintiff authored the *Boomshine* video game.

10. Facebook neither admits nor denies the allegations contained in Paragraph 10 because those allegations are not factual allegations asserted against Facebook. To the extent those allegations may be deemed allegations of fact asserted against Facebook, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 10.

11. Facebook neither admits nor denies the allegations contained in Paragraph 11 because those allegations are not factual allegations asserted against Facebook. To the extent those allegations may be deemed allegations of fact asserted against Facebook, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 11.

12. Facebook neither admits nor denies the allegations contained in Paragraph 12 because those allegations are not factual allegations asserted against Facebook. To the extent those allegations may be deemed allegations of fact asserted against Facebook, Facebook admits that a copyright registration on *Boomshine*, a computer file, with Registration Number TX0007089855 exists. Facebook denies that the copyright registration was duly and lawfully granted because, among other things, other chain reaction type games identical or substantially similar to *Boomshine* were available at least as early as 2005. Except as expressly admitted or denied, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 12.

13. Facebook neither admits nor denies the allegations contained in Paragraph 13 because those allegations are not factual allegations asserted against Facebook. To the extent those allegations may be deemed allegations of fact asserted against Facebook, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in

Paragraph 13.

14. Facebook denies that it hosted an application titled *ChainRxn*. Except as expressly denied, Facebook neither admits nor denies the allegations contained in Paragraph 14 because those allegations are not factual allegations asserted against Facebook. To the extent those allegations may be deemed allegations of fact asserted against Facebook, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 14.

15. Facebook neither admits nor denies the allegations contained in Paragraph 15 because those allegations are not factual allegations asserted against Facebook. To the extent those allegations may be deemed allegations of fact asserted against Facebook, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 15.

16. Facebook neither admits nor denies the allegations contained in Paragraph 16 because those allegations are not factual allegations asserted against Facebook and Facebook has no personal knowledge of how or if Defendant Yeo created or published an application titled *ChainRxn*. To the extent those allegations may be deemed allegations of fact asserted against Facebook, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 16.

17. Facebook admits that until sometime after the initial filing of this action on October 9, 2009, an application titled *ChainRxn* was available through Facebook's Platform and that the uniform resource locator for the application's canvas page was www.facebook.com/zwigglers. Except as expressly admitted, Facebook denies the allegations contained in Paragraph 17.

18. Facebook admits that until sometime after the initial filing of this action on October 9, 2009, an application titled *ChainRxn* was available through Facebook's Platform and that the uniform resource locator for the application's canvas page was www.facebook.com/zwigglers. Except as expressly admitted, Facebook denies the allegations contained in Paragraph 18.

19. Facebook denies the allegations contained in Paragraph 19.

20. Facebook neither admits nor denies the allegations contained in Paragraph 20 because those allegations are not factual allegations asserted against Facebook. To the extent those allegations may be deemed allegations of fact asserted against Facebook, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 20.

21. Facebook admits that its Statement of Rights and Responsibilities ("SRR"), among other things, permits Facebook to remove content or information posted on Facebook. Except as expressly admitted, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 21.

22. Facebook admits that its SRR, among other things, permits it to disable an account, when appropriate, for repeated infringement of intellectual property rights. Except as expressly admitted, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 22.

23. Facebook denies the allegations contained in Paragraph 23.

24. Facebook denies the allegations contained in Paragraph 24.

25. Facebook neither admits nor denies the allegations contained in Paragraph 25 because those allegations are not factual allegations asserted against Facebook. To the extent those allegations may be deemed allegations of fact asserted against Facebook, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 25.

26. Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 26.

27. Facebook denies the allegations contained in Paragraph 27.

28. Facebook denies the allegations contained in Paragraph 28.

29. Facebook denies the allegations contained in Paragraph 29.

30. Facebook denies the allegations contained in Paragraph 30.

31. Facebook neither admits nor denies the allegations contained in Paragraph 31

because those allegations are not factual allegations asserted against Facebook. To the extent those allegations may be deemed allegations of fact asserted against Facebook, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 31.

32. Facebook neither admits nor denies the allegations contained in Paragraph 32 because those allegations are not factual allegations asserted against Facebook. To the extent those allegations may be deemed allegations of fact asserted against Facebook, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 32.

33. Facebook denies the allegations contained in Paragraph 33.

34. Facebook denies the allegations contained in Paragraph 34.

## COUNT ONE
### Copyright Infringement by Defendant Yeo

35. Facebook refers to and incorporates its responses set forth above to each and every allegation in Paragraphs 1-34 as if fully set forth herein.

36. Facebook neither admits nor denies the allegations contained in Paragraph 36 because those allegations are not factual allegations asserted against Facebook. To the extent those allegations may be deemed allegations of fact asserted against Facebook, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 36.

37. Facebook neither admits nor denies the allegations contained in Paragraph 37 because those allegations are not factual allegations asserted against Facebook. To the extent those allegations may be deemed allegations of fact asserted against Facebook, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 37.

38. Facebook neither admits nor denies the allegations contained in Paragraph 38 because those allegations are not factual allegations asserted against Facebook. To the extent those allegations may be deemed allegations of fact asserted against Facebook, Facebook lacks

sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 38.

39. Facebook neither admits nor denies the allegations contained in Paragraph 39 because those allegations are not factual allegations asserted against Facebook. To the extent those allegations may be deemed allegations of fact asserted against Facebook, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 39.

40. Facebook neither admits nor denies the allegations contained in Paragraph 40 because those allegations are not factual allegations asserted against Facebook. To the extent those allegations may be deemed allegations of fact asserted against Facebook, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 40.

41. Facebook neither admits nor denies the allegations contained in Paragraph 41 because those allegations are not factual allegations asserted against Facebook. To the extent those allegations may be deemed allegations of fact asserted against Facebook, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 41.

42. Facebook neither admits nor denies the allegations contained in Paragraph 42 because those allegations are not factual allegations asserted against Facebook. To the extent those allegations may be deemed allegations of fact asserted against Facebook, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 42.

## COUNT TWO
**Contributory Copyright Infringement as to Defendant Facebook, Inc.**

43. Facebook refers to and incorporates its responses set forth above to each and every allegation in Paragraph 1-42 as if fully set forth herein.

44. Facebook denies the allegations of Paragraph 44.

45. Facebook denies the allegations of Paragraph 45.

| | |
|---|---|
| 1 | 46.   Facebook denies the allegations of Paragraph 46. |
| 2 | 47.   Facebook denies the allegations of Paragraph 47. |
| 3 | 48.   Facebook denies the allegations of Paragraph 48. |
| 4 | 49.   Facebook denies the allegations of Paragraph 49. |
| 5 | 50.   Facebook denies the allegations of Paragraph 50. |
| 6 | 51.   Facebook denies the allegations of Paragraph 51. |

## AFFIRMATIVE DEFENSES

Further answering the Second Amended Complaint, Facebook asserts the following defenses. Facebook reserves the right to amend its Answer with additional defenses as further information is obtained.

### First Defense

Each of Miller's claims fails to state facts sufficient to constitute a cause of action.

### Second Defense

Each of Miller's claims is barred by the doctrine of waiver.

### Third Defense

Each of Miller's claims is barred by the doctrine of estoppel.

### Fourth Defense

Each of Miller's claims is barred by the doctrine of unclean hands.

### Fifth Defense

Miller's claim for Contributory Copyright Infringement as to Facebook is barred, in whole or in part, because Miller failed to provide notice of the alleged copyright infringement as required by contract.

### Sixth Defense

Miller's claim for Contributory Copyright Infringement as to Facebook is barred, in whole or in part, by contractual warranty disclaimers.

### Seventh Defense

Miller's claim for Contributory Copyright Infringement as to Facebook is barred, in whole or in part, by contractual limitations on liability.

### Eighth Defense

Miller is barred from recovering the damages against Facebook, in whole or in part, by contractual limitations on liability.

### Ninth Defense

Each of Miller's claims is barred by the doctrine of copyright misuse.

### Tenth Defense

Each of Miller's claims is barred by the doctrine of fraud on the Copyright Office.

### Eleventh Defense

Each of Miller's claims is barred by the doctrine of laches.

### Twelfth Defense

Miller's claim for Contributory Copyright Infringement as to Facebook is barred, in whole or in part, by the passive conduit exception to copyright infringement.

### Thirteenth Defense

Miller's claim for Contributory Copyright Infringement as to Facebook is barred, in whole or in part, by the safe harbor provisions of the DMCA, 17 U.S.C. § 512 (a)-(d).

### Fourteenth Defense

Miller's claim for Contributory Copyright Infringement as to Facebook is barred, in whole or in part, because he has not pursued his claims in good faith.

### Fifteenth Defense

Each of Miller's claims is barred, in whole or in part, because Defendants' alleged actions come within the doctrine of fair use and/or de minimis copying of protectable elements, if any.

### Sixteenth Defense

Each of Miller's claims is barred, in whole or in part, because Miller's alleged copyrighted work lacks originality.

### Seventeenth Defense

Each of Miller's claims is barred, in whole or in part, because Miller's alleged copyrighted work constitutes nothing more than unprotectable scene a faire.

/ / /

### Eighteenth Defense

Each of Miller's claims is barred, in whole or in part, because Miller lacks standing to bring this action.

### Nineteenth Defense

Each of Miller's claims is barred, in whole or in part, because Miller has failed to prosecute this action and/or comply with court orders.

### Twentieth Defense

Each of Miller's claims is barred, in whole or in part, by licenses, express and implied, granted or authorized to be granted by Miller.

### Twenty-first Defense

Each of Miller's claims is barred, in whole or in part, because the accused work was independently created without reference to the claimed work.

### Twenty-second Defense

Each of Miller's claims is barred, in whole or in part, because the claimed work was abandoned.

### Twenty-third Defense

Each of Miller's claims is barred, in whole or in part, for failing to join indispensable parties.

### Twenty-fourth Defense

Each of Miller's claims is barred, in whole or in part, as Miller heretofore waived, licensed, abandoned or forfeited any rights in the claimed work.

### Twenty-fifth Defense

Miller's damages, if any, are limited by Facebook's innocent intent.

### Twenty-sixth Defense

Each of Miller's claims is barred, in whole or in part, based on the doctrine of substantial non-infringing use, although Facebook submits that Miller bears the burden of proving the doctrine's inapplicability.

///

# COUNTERCLAIMS OF FACEBOOK, INC.

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Facebook, Inc. ("Facebook" or "Counterclaimant") hereby asserts counterclaims against Daniel M. Miller ("Miller" or "Counterdefendant"), and alleges as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. § 1367(a) to the extent this Court has jurisdiction over Miller's claims under 28 U.S.C. § 1331.

2. Jurisdiction and venue are proper in this jurisdiction pursuant to 28 U.S.C §§ 1331, 1332 and 1391(b).

## The Parties

3. Facebook, Inc. is a Delaware corporation with its principal place of business at 1601 S. California Avenue, Palo Alto, California 94304.

4. On information and belief, Counterdefendant is an individual residing at 2079 Kinsmon Drive, Marietta, Georgia 30062.

## Factual Background

5. Facebook is an interactive computer service that enables networking amongst friends, family and co-workers. In addition, Facebook provides a platform for third-party developers to offer their own applications (collectively, "Facebook's Services"). Facebook was founded in February 2004 and is the most popular networking site on the Internet with over 500 million users worldwide.

6. On February 12, 2006, Counterdefendant became a registered Facebook user. When Counterdefendant registered, he was required to navigate through a series of web pages and registration prompts where he provided a valid email address, created a password, selected a password and agreed to Facebook's Terms of Use (now referred to as the SRR). Specifically, Counterdefendant was required to check a box representing that: "I have read and agree to the Terms of Use." The registration process could not be completed without fulfilling each of these registration steps.

7. The SRR is a contractual agreement between Facebook and Counterdefendant.

8. During all relevant time periods, the SRR provided as follows:

> Facebook respects the intellectual property rights of others. If you believe your work has been copied in a way that constitutes copyright infringement or are aware of any infringing material on the Web site, please contact us at copyright@facebook.com.

In addition, the section entitled "Governing Law and Venue" of the SRR contains forum-selection, choice of law, and personal jurisdiction clauses that state:

> If there is any dispute about or involving the Web site and/or the Service, you agree that the dispute will be governed by the laws of the State of California without regard to its conflict of law provisions. You also agree to the exclusive jurisdiction and venue of the courts of the state and federal courts of Santa Clara County, California and waive all defenses of lack of personal jurisdiction and forum non conveniens. Any cause of action by you with respect to the Web site and/or the service must be instituted within one (1) year after the cause of action arose or be forever waived.

9. By virtue of accepting the SRR in order to utilize Facebook's Services, Counterdefendant agreed to abide by these provisions.

10. On information and belief, during all relevant times herein, Counterdefendant was aware of these policies.

11. On October 9, 2009, Counterdefendant filed a complaint against Facebook and Defendant Yeo in the Northern District of Georgia asserting causes of action for (1) copyright infringement, (2) violation of the Lanham Act, and (3) unfair competition under the Georgia Deceptive Trade Practices Act. The basis of the complaint was a "dispute about or involving the Web site and/or the Service."

12. On December 2, 2009, Facebook filed a Motion to Transfer Venue from the Northern District of Georgia to the Northern District of California. Per the SRR, the action should have been filed in the Northern District of California, not the Northern District of Georgia.

13. On January 15, 2010, the court granted Facebook's Motion to Transfer Venue.

### FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

14. Facebook hereby realleges and incorporates by reference paragraphs 1 through 13,

inclusive, of this countercomplaint as though fully set forth herein.

15. Counterdefendant entered into a contract with Facebook on February 12, 2006.

16. The contract provides that any "dispute will be governed by the laws of the State of California" with the "exclusive jurisdiction and venue [in] the courts of the state and federal courts of Santa Clara County, California."

17. Counterdefendant breached the agreement by filing his lawsuit in the Northern District of Georgia making claims of alleged infringement of his intellectual property rights by another Facebook user on Facebook's networking internet service. In addition, Counterdefendant breached the agreement by failing to notify Facebook of the alleged infringement pursuant to the procedures outlined in the SRR.

18. Facebook has fulfilled all of its obligations under the contract and is not in breach of the contract.

19. Counterdefendant's breach of the agreement has caused damages to Facebook in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
(Breach of Contract)

20. Facebook hereby realleges and incorporates by reference paragraphs 1 through 19, inclusive, of this countercomplaint as though fully set forth herein.

21. On information and belief, on or about April 23, 2010, Counterdefendant created an application entitled "Obechi" and made that application available through Facebook's Platform.

22. On information and belief, at least as early as April 23, 2010, Counterdefendant agreed to Facebook's Developer Principles & Policies ("DPP") in connection with the Obechi application.

23. Facebook's DPP provide, among other things, that developers such as Counterdefendant "must provide a link to [their] privacy policy and any other applicable policies on every page of [their] application"; "must give users control over their data by posting a privacy policy that explains what data [the developer] collect[s], and how [the developer] will use, store,

and/or transfer their data"; and "must not require users to grant additional permissions or add Application Integration Points, and must only request extended permissions at reasonable times when the user engages with features that would require the use."

24. On information and belief, at least as early as December 7, 2009 to date, Counterdefendant has failed to abide by the DPP.

25. Facebook has fulfilled all of its obligations under the DPP and is not in breach thereof.

26. Counterdefendant's breach of the DPP has caused damages to Facebook in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

27. Facebook hereby realleges and incorporates by reference paragraphs 1 through 26, inclusive, of this countercomplaint as though fully set forth herein.

28. The law implies a covenant of good faith and fair dealing by which Counterdefendant promised to perform fairly, honestly, and reasonably the terms encompassed in the SRR and Facebook's DPP.

29. Counterdefendant breached the implied covenant of good faith and fair dealing by failing to notify Facebook of the alleged infringement through the means outlined in the SRR and by filing a lawsuit in the Northern District of Georgia rather than in the Northern District of California as required by the SRR.

30. Counterdefendant also breached the implied covenant of good faith and fair dealing by failing to abide by the DPP and failing to adhere to its terms.

31. Counterdefendant's acts frustrated the purpose of the SRR and the DPP (the "Agreements") and prevented Facebook from receiving the benefit of the Agreements, which was to allow free access to Facebook's networking website and platform by both individual users and developers in order to promote and enhance communication, creativity, and interaction among users.

32. Facebook has fulfilled its obligations under the Agreements and is not in breach of

the Agreements.

33. As a result of Counterdefendant's breach of the implied covenant of good faith and fair dealing, Facebook has been damaged in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, based upon the foregoing, Facebook prays for the following relief:

1. That the Second Amended Complaint be dismissed with prejudice and that Counterdefendant take nothing by way of his Second Amended Complaint;

2. An entry of judgment in favor of Facebook and against Counterdefendant on all causes of action;

3. Compensatory, consequential, and incidental damages including, without limitation, compensatory damages reasonably incurred by Facebook to transfer the action to California as required by the SRR, in an amount according to proof at trial;

4. For costs of suit and attorneys' fees incurred herein;

5. Such other relief that the Court may deem proper.

**JURY DEMAND**

Facebook hereby demands a trial by jury for all issues so triable.

Dated: August 9, 2010            ORRICK, HERRINGTON & SUTCLIFFE LLP

                                              s/Thomas J. Gray/s
                                              Thomas J. Gray
                                              Attorneys for Defendant
                                              FACEBOOK, INC.