United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL M. MILLER,

    Plaintiff,

  v.

FACEBOOK, INC. and YAO WEI YEO,

    Defendants.

No. CV 10-00264 WHA

**ORDER DENYING MOTION TO DISMISS**

## INTRODUCTION

In this copyright infringement action involving social networking websites and video games, defendant Facebook, Inc. moves to dismiss this litigation pursuant to FRCP 41(b) for failure to prosecute. Facebook alleges that plaintiff Daniel Miller has failed to effectuate service on defendant Yao Wei Yeo by the deadline set forth in a prior order. For the following reasons, Facebook's motion to dismiss is **DENIED**.

## STATEMENT

This action was commenced nearly one year ago in the United States District Court for the Northern District of Georgia. It was transferred to the undersigned judge in January of this year. While plaintiff properly served defendant Facebook with the summons and complaint soon after initiating this lawsuit, defendant Yeo was not timely served for several months. Due to defendant Yeo's central role in this dispute, on May 27, 2010, plaintiff was ordered to perfect service of process upon Yeo by July 30 or risk dismissal of his case (Dkt. No. 56 at 13).

1    Given this directive, plaintiff took numerous actions to locate and effectuate service upon
2 defendant Yeo.  For example, Plaintiff served subpoenas duces tecum on Apple, Inc., Verizon
3 Wireless, and T-Mobile for Yeo's contact information, requested pertinent records from the New
4 York Department of Motor Vehicles (defendant Yeo was recently a student at Cornell University
5 in New York and held a New York driver's license), and hired MLQ Attorney Services in Atlanta
6 to perform a "skip trace" to locate defendant Yeo's whereabouts (Hancock Decl. ¶ 8).  None of
7 these actions produced information to locate and perfect service on Yeo.

8    On June 4, however, plaintiff served a subpoena duces tecum on Media Temple, Inc., the
9 company that hosted Yeo's "zwigglers.com" website.  Media Temple responded to the subpoena
10 by providing the following address for defendant Yeo: "353 Third Avenue, Suite 246, New York,
11 NY 10010."  This is the address for The UPS Store #5865 in New York.  The "suite" number in
12 the address corresponds to a mailbox number.  Given this information, on June 10, plaintiff
13 served a subpoena duces tecum on The UPS Store #5865.  In response, The UPS Store provided
14 plaintiff with copies of Yeo's "Mailbox Services Agreement" ("MSA") and Yeo's "Application
15 for Delivery of Mail Through Agent" associated with the above address (Dkt. No. 65, Exh. A).
16 Both documents had been signed by defendant Yeo on March 21, 2010 (*ibid.*; Dkt. No. 77, Att.
17 2).  After receiving these documents, plaintiff confirmed with The UPS Store that all responsive
18 documents to the subpoena duces tecum had been produced (Dkt. No. 77 at 2).

19    On June 28, plaintiff sent — via certified mail — the summons and complaint to
20 defendant Yeo at the above address.  The certified mail receipt was signed by an employee at The
21 UPS Store named "Alex" (the employee signed his full name but only printed his first name).
22 The checkbox on the return receipt labeled "agent," however, was left unmarked.  On July 8,
23 plaintiff filed with the Court a proof of service for defendant Yeo, attaching the MSA,
24 "Application for Delivery of Mail Through Agent" form, the signed certified mail receipt, and a
25 delivery confirmation printout from the United States Postal Service website (Dkt. No. 65).  As of
26 the date of this order, defendant Yeo has still not appeared in this action.

27    Meanwhile, on July 2, in-house counsel for Facebook, Craig Clark, notified plaintiff's
28 counsel, Brian Hancock, that he had been contacted by defendant Yeo via telephone that very

2

day. In their conversation, the instant lawsuit was briefly discussed. Facebook's in-house counsel then provided Attorney Hancock with defendant Yeo's telephone number (Hancock Decl. ¶ 8). While plaintiff's counsel attempted to contact Yeo using this phone number, the voicemail system associated with the phone number was inoperative (Bridges Decl. ¶ 13).

As a side note, Facebook noted in its reply brief that plaintiff had submitted an incomplete copy of the MSA from The UPS Store as part of its "proof of service" filing (Dkt. No. 74). On September 7, plaintiff contacted The UPS Store a second time to inquire as to whether a full production had been made in response to the June 10 subpoena. The UPS Store informed plaintiff that it had mistakenly omitted the second page of the MSA from its original production. That second page was produced to plaintiff on September 7 (Dkt. No. 77, Exh. 1). On September 9, plaintiff filed an administrative motion requesting that the second page of the MSA be considered as part of the evidentiary record.[1]

A hearing on the instant motion was held on September 16.

**ANALYSIS**

Under FRCP 41(b), if a plaintiff fails to prosecute his case or comply with a court order, the action may be dismissed for failure to prosecute. Here, Facebook alleges that dismissal is warranted because service on Yeo was defective (Br. 4).

The rules for properly effectuating service of process are set forth in FRCP 4. Under FRCP 4(e)(1), an individual "may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Thus, service may be properly effectuated on defendant Yeo under California's service of process rules. In this connection, Section 415.40 of the California Code of Civil Procedure states:

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.

---

[1] Plaintiff's administrative motion to supplement the record is **GRANTED**.

3

1    Section 417.20 of the California Code of Civil Procedure states that "if service is made by
2 mail pursuant to Section 415.40, proof of service shall include evidence satisfactory to the court
3 establishing actual delivery to the person to be served, by a signed return receipt or other
4 evidence." Under these sections, if the individual who signs the return receipt is not the targeted
5 person but an agent authorized to receive mail on the person's behalf, the plaintiff must provide
6 evidence establishing such authority. *See Neadeau v. Foster*, 180 Cal. Rptr. 806, 807–08 (1982).

7    The record establishes that service upon defendant Yeo was proper under California law.
8 As stated, California's statutory scheme permits service to an out-of-state defendant by certified
9 mail when the return receipt is signed by a person authorized to receive mail on behalf of the
10 defendant. Where a defendant has designated another to receive mail on his behalf, receipt of
11 said mail by the person authorized constitutes *actual delivery* to the defendant. *Id.* at 808; *see
12 also* Cal. Code. Civ. Proc. §§ 415.40, 417.20. The service of the summons and complaint upon
13 defendant Yeo at The UPS Store met these minimum requirements. *First*, plaintiff filed a signed
14 return receipt indicating that an employee named "Alex" at The UPS Store accepted receipt of the
15 certified mailing.[2] Plaintiff also filed a copy of the "track and confirm" information from the
16 United States Postal Service website confirming delivery on June 28 to defendant Yeo's mailbox
17 at The UPS Store (Dkt. No. 65, Exh. B). *Second*, plaintiff filed two documents signed by
18 defendant Yeo on March 21, 2010, indicating that Yeo had authorized The UPS Store #5865 to
19 serve as his agent for accepting delivery of his mail. For example, the MSA specifically stated
20 that "[a]s Customer's authorized agent for receipt of mail, the Center will accept all mail,
21 including registered, insured, and certified items" (Dkt. No. 77, Att. 2 at ¶ 12). Similarly, the
22 "Application for Delivery of Mail Through Agent" form repeatedly referred to The UPS Store as
23 being defendant Yeo's "agent" for accepting delivery of his mail. In sum, plaintiff has
24 sufficiently demonstrated that the requirements of FRCP 4(e)(1) and California Code of Civil
25 Procedure Sections 415.40 and 417.20 have been met through "evidence satisfactory to the court
26 establishing actual delivery to the person to be served."

---

[2] Counsel for plaintiff filed a declaration stating that he had spoken directly with "Alex" at The UPS Store and had confirmed that Alex was an employee of The UPS Store (Hancock Decl. ¶ 6).

4

This order also finds that due process requirements for service of process have been met. While a plaintiff must make reasonably diligent efforts to locate a defendant, extraordinary efforts are not required. *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 798 (1983). The method required in any particular case depends upon whether the defendant's whereabouts are known or can be ascertained with reasonable effort. *Id.* at 799. As detailed herein, reasonable efforts have been made by plaintiff to locate and perfect service on defendant Yeo. Additionally, the notice provided to Yeo was reasonably calculated, under these circumstances, to apprise him of the pendency of this action and afford him the opportunity to present his objections. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Indeed, it appears that defendant Yeo *did* in fact receive notice of this action. Four days after the summons and complaint were served upon defendant Yeo's authorized agent for receipt of his mail, Yeo contacted in-house counsel for Facebook and discussed the case with him.

In its motion and at the hearing, Facebook put forth numerous arguments as to why service upon defendant Yeo was defective. All of them fail. *First*, Facebook argues that the return receipt is invalid because "Alex" did not mark the checkbox for "agent" when signing the return receipt on behalf of The UPS Store. This is a red herring. As discussed above, the minimum requirements under California law for proper service by mail to an out-of-state defendant have been met. Whether or not the "agent" checkbox on the signed return receipt was marked is besides the point. *Second*, Facebook argues that while The UPS Store might have been defendant Yeo's authorized agent for receipt of mail, The UPS Store was not defendant Yeo's authorized agent to receive service of process. This too is a red herring. As explained above, California law does *not* require that such an agent be authorized to receive service of process. Rather, it is sufficient that The UPS Store was defendant Yeo's authorized agent to receive his mail.

In this connection, the decisions relied upon by Facebook that service must be effected upon a person "authorized to receive service of process" are inapplicable to defendant Yeo. For example, Facebook relies on *Dill v. Berquist Construction Company,* 29 Cal. Rptr. 2d 746 (1994), to argue that plaintiff's service was ineffective. The *Dill* decision, however, involved effecting

5

service upon an out-of-state *corporation* by certified mail. As explained in *Dill*, a plaintiff serving an out-of-state corporation pursuant to California Code of Civil Procedure Section 415.40 must also comply with Section 416.10, which provides that a corporation is served by delivering a copy of the summons and complaint to a corporate officer, a general manager, or "a person authorized by the corporation to receive service of process." Defendant Yeo is not a corporation. He was sued in his individual capacity. The service requirements set forth in Section 416.10 do not apply to him.[3]

Finally, at the September 16 hearing, counsel for Facebook made numerous arguments that had not been presented in any of Facebook's briefs. Since good cause has not been shown as to why these arguments were untimely raised, they will not be considered.

## CONCLUSION

For the foregoing reasons, the record establishes that plaintiff has properly effectuated service upon defendant Yeo by the court-ordered July 30 deadline. As such, Facebook's motion to dismiss this action for failure to prosecute is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 21, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[3] For the same reasons, Facebook's reliance on *Malletier v. Pierce,* 2008 WL 4330455, at *3 (E.D. Cal. 2008), is misplaced. The *Malletier* decision also involved service of process upon a corporation.

6